C. E. PEASLEE v. JAMES A. HART.[1]

January 26, 1898.

Nos. 10,798—(247).

Judgment Lien—Purchase-Money Mortgage—Priority of Lien—Foreclosure—Redemption—Sale on Execution—Ejectment.

S., the owner of two lots, conveyed them to D. and W., and took a mortgage from them to secure a part of the purchase price. The mortgage contained an exception of a mortgage of $1,000, which it was agreed D. and W. might execute on the lots, which should be superior to the lien of the purchase-money mortgage of S. D. and W. made the excepted mortgage to H. The deed and the two mortgages were duly recorded. When the deed was executed, there was of record a judgment, duly docketed, against D. and W. The lots were sold to S. at a foreclosure sale under his mortgage, from which there was no redemption. After the time for redemption expired, H. foreclosed his mortgage, and was the purchaser at the sale. Thereafter B. became the purchaser of the lots at an execution sale on the judgment. No redemption was made from either the H. foreclosure or the execution sale. *Held*, that B. is not the owner of the lots.

Appeal by plaintiff as receiver of the Manufacturers' Bank of West Duluth, insolvent, from an order of the district court for St. Louis county, Ensign, J., overruling his demurrer to the defendant's answer. Affirmed.

*Phelps & McManus*, for appellant.
*McCordic & Crosby*, for respondent.

[1] Reported in 73 N. W. 976.

START, C. J.

The admitted facts in this case are as follows:

On September 17, 1891, Harvey P. Smith conveyed by warranty deed the two lots here in question, then owned by him, to A. E. Dunsmore and Henry M. Waldref, who gave back a purchase-money mortgage on the lots to Smith, to secure a part of the purchase price. This mortgage contained an exception of a mortgage of $1,000, which it was agreed the mortgagors might execute upon the lots, and that it should be a lien thereon prior and superior to the purchase-money mortgage. They executed such mortgage to the defendant James A. Hart on September 21, 1891. The deed was recorded October 6, the Hart mortgage October 10, and the Smith mortgage October 21, 1891. At and before the time of making the deed there was of record a judgment, duly docketed, against Smith's grantees. The Smith mortgage was foreclosed, and the lots sold to him on the foreclosure sale, January 6, 1894. The defendant, Hart, purchased the lots at a foreclosure sale under his mortgage on April 27, 1895. The Manufacturers' Bank of West Duluth, of which the plaintiff is the receiver, became the purchaser of the lots on August 17, 1895, at a sale thereof under an execution issued on the judgment against Smith's grantees. No redemption was made from any of these sales.

The defendant is in possession of the lots, and the receiver of the bank brought this action of ejectment to oust him, claiming that the bank is the owner of the lots by virtue of the judgment and execution sale. The plaintiff demurred to the defendant's answer, alleging substantially the foregoing facts, and appealed from an order overruling the demurrer.

We agree with counsel for the appellant that the question here for decision is: What was the effect, so far as the interest of the bank is concerned, of the purchase-money mortgagee making the agreement whereby the lien of his mortgage was subordinated to that of Hart's mortgage? Our answer is that neither the lien of the judgment nor the rights of the bank were affected for better or worse in any manner whatever, and that the defendant, and not the bank, now owns the lots. It is conceded that, if this agreement had never been made, the purchase-money mortgage would

have been the first lien on the lots, the judgment the second, and the defendant's mortgage third. But the judgment creditor was not a party to the agreement making the Hart mortgage a superior lien to the Smith mortgage, nor was it made or intended for his benefit. As to him, the order of the liens could not be, and was not, changed. His rights were in no respect lessened, complicated, embarrassed. or burdened by the agreement. His right to redeem from the foreclosure sale on the purchase-money mortgage remained intact. He had the first right to do so. He was not bound to redeem from the Hart mortgage. He failed to exercise the right, and, after the time for redemption expired, his judgment ceased to be a lien on the lots. Smith then became the owner of them, subject to the Hart mortgage, as stipulated between themselves.

Counsel for the plaintiff assumes as the basis of his argument in support of his claim that the agreement made the judgment a first lien; that the effect of the agreement was to tangle up the rights of all parties; and then proceeds to suggest a variety of complications which might have arisen as to the respective rights of Smith and Hart if the judgment creditor had redeemed from Smith, and Hart from the former.

The short answer to the argument is that none of the supposed complications did arise. There was no redemption from any of these sales, but, if the complications had arisen, they could not have affected or embarrassed the judgment creditor. Smith and Hart, when the agreement was made, took their chances on any complications arising in case the judgment creditor redeemed from the Smith mortgage; and, if he had done so, they would have been compelled to adjust them as best they could. The judgment creditor was not bound to refrain from redeeming to avoid such complications as to them. Neither the agreement nor the complications were any concern to him. His rights were clear and unaffected by the agreement. If he had redeemed from Smith's mortgage, and Hart had failed to redeem from him, he would have become the owner of the lots. On the other hand, if Hart had redeemed from him, he would have received the amount of his judgment, plus the amount paid on his redemption from Smith.

Order affirmed.