JOHN W. WHITE v. SIMEON G. RATHBONE and Others.

July 2, 1898.

Nos. 11,088—(171).

Mechanic's Lien—Foreclosure Sale—Failure of Junior Lienholder to Redeem—Bartleson v. Thompson Followed.

Held, following Bartleson v. Thompson, 30 Minn. 161, that the failure to redeem from a sale made on a second lien on land by the holder of a lien subsequent and subordinate thereto, cuts off his right to redeem from a sale made on a first lien thereon.

Appeal by plaintiff from a judgment of the district court for Ramsey county in favor of defendant Rathbone, entered pursuant to findings by Brill, J. Affirmed.

Charles J. Berryhill, for appellant.

As between the parties to this suit, all interests in the land were merged in the decree foreclosing the mechanic's lien, and the lien

claim is the basis of the new title. As between the purchaser under that decree and the plaintiff, plaintiff's lien on the property as a judgment creditor has never been barred, because he was not made a party to the foreclosure suit, and his right of redemption by virtue of his judgment lien still subsists. Brown v. Crookston Agric. Assn., 34 Minn. 545; 2 Jones, Mort. §§ 1654, 1579; Lowry v. Akers, 50 Minn. 508; Hokanson v. Gunderson, 54 Minn. 499, 503; Finlayson v. Crooks, 47 Minn. 74; Bassett v. Menage, 52 Minn. 121; Foster v. Johnson, 44 Minn. 290; Murphy v. Farwell, 9 Wis. 102; Sprague v. White, 73 Iowa, 670; Mathes v. Cover, 43 Iowa, 512; Rector v. Mack, 93 N. Y. 488; Topping v. Brown, 63 Ill. 348; King v. McCully, 38 Pa. St. 76; Packer v. Rochester, 17 N. Y. 283; Brown v. Winter, 14 Cal. 32; Poweshiek v. Dennison, 36 Iowa, 244; Dodge v. Omaha, 20 Neb. 276; Harms v. Palmer, 73 Iowa, 446; Crocker, Sheriffs, 294.

*M. L. Countryman*, for respondent.

Failure to redeem from a second lien sale cuts off the right to redeem from a sale under the first lien. Bartleson v. Thompson, 30 Minn. 161; Abraham v. Holloway, 41 Minn. 156; Parke v. Hush, 29 Minn. 434; Peaslee v. Hart, 71 Minn. 319.

START, C. J.[1]

Action by the plaintiff to redeem the lot described in the complaint from a sale thereof in an action to foreclose a mechanic's lien to which he was not a party. Judgment for the defendant on the merits, from which the plaintiff appealed.

The material facts as found by the trial court are: On October 10, 1889, Amelia Kingsley owned the lot, and on that day a mechanic's lien thereon in favor of Anderson & Plaster attached; and on October 22, 1889, a mortgage on the lot made by Kingsley to John O. Quigley was recorded in the proper office of the register of deeds. Thereafter, on April 12, 1890, the plaintiff duly recovered and docketed a judgment against Kingsley. On February 26, 1891, the Quigley mortgage was duly foreclosed by advertisement, and the premises duly sold to him. Afterwards, on April 7, 1891, an

[1] BUCK, J., took no part.

action was commenced to foreclose the mechanic's lien against the parties in interest and Quigley, but the plaintiff was not a party to the action. In this action such proceedings were had that a decree of foreclosure was entered July 21, 1891, and the lot duly sold August 17, 1891, to Anderson & Plaster, for the amount of their lien and costs, and no more. No redemption was ever made by any one from either the mortgage or mechanic's lien·sale, and the defendant Rathbone has succeeded to the title of the lot under the mechanic's lien sale.

· The claim of the plaintiff is that upon the expiration of the time for redemption from the lien foreclosure·sale, no redemption having been made, the liens and rights of all parties to the lien action were absolutely extinguished, and thereafter the title of the lot stood precisely as if the Quigley mortgage had never existed; hence the plaintiff is entitled to redeem from the lien sale because he was not a party to the action in which the lien was foreclosed. This proposition necessarily assumes that, at the time the redemption expired on the lien sale, Quigley was simply a mortgagee or lienholder, and therefore his mortgage was extinguished by failing to redeem. If such were the case, the plaintiff's conclusion would follow; but Quigley was not a mortgagee or lienholder when the redemption expired, and there was no mortgage to be extinguished. On the contrary, he then was, and had been for six months prior thereto, the absolute owner of the lot against all the world, except the purchasers at the lien sale, by virtue of his purchase at the mortgage foreclosure sale, and the expiration of the time for redemption without any redemption having been made. His mortgage remained only as one of the muniments of his title, which related back to the date of the lien of the mortgage on the lot.

When Quigley became the owner of the lot, the lien of the plaintiff's judgment thereon was cut off, and thereafter he was, and continued to be, a stranger to the title. The fact that thereafter Quigley failed to redeem from the lien sale, and lost his title to the lot, could not, and did not, restore the lien of the plaintiff's judgment. See Peaslee v. Hart, 71 Minn. 319, 73 N. W. 976. That this is so is clear, for, if Quigley had redeemed from the lien sale, it could have been only as owner. This would have annulled the lien

sale, and left him the absolute owner of the lot, free from all liens. The lien of the plaintiff's judgment on the lot, if it then existed, could not be extinguished by the act of Quigley in redeeming, nor revived, if it did not then exist, by his failure to do so. But, as already stated, the judgment lien was extinguished when Quigley became the absolute owner of the land, subject only to the lien sale; and his misfortune in failing to redeem from the lien sale can in no manner advantage the plaintiff, and the case is within the rule that a failure to redeem from a sale made on a second lien on land by the holder of a subsequent and subordinate lien cuts off his right to redeem from a sale made on the first lien. Bartleson v. Thompson, 30 Minn. 161, 14 N. W. 795; Lowry v. Akers, 50 Minn. 508, 52 N. W. 922.

The case of American v. Lynch, 10 S. D. 410, 73 N. W. 908, relied upon by the plaintiff, is not in point, for in that case the party who brought the action to redeem from a sale on a mechanic's lien was a purchaser at a sale on the foreclosure of a mortgage, the lien of which was subordinate to that of the mechanic's lien; and he was held entitled to redeem because he was not a party to the action in which the mechanic's lien was foreclosed.

The plaintiff further claims that, by the decree in the mechanic's lien case, the Quigley mortgage was foreclosed, and that his interest in the lot was transferred to the purchasers at the lien sale, subject only to the right of redemption. Such was not the case, for, by the decree in the lien action, the right, title and lien of Quigley, as purchaser at the foreclosure of his mortgage, were made subordinate to the mechanic's lien. The decree made no attempt to direct a sale of the lot freed from all liens, for there was only one mechanic's lien, and Quigley's mortgage had been foreclosed four months before the decree was entered. The direction of the decree that the surplus money, if any, arising from the sale of the lot, after satisfying the mechanic's lien and costs, should be applied to the payment to Quigley "of the amount which should then be due upon his mortgage, with interest and the costs and disbursements of the foreclosure thereof," does not sustain the plaintiff's claim. This

direction is simply an awkward recognition of the right of Quigley to the surplus, if any there should be.

Judgment affirmed.