# STATE OF NORTH DAKOTA EX REL. FOREST LAKE STATE BANK, of Forest Lake, Minnesota, a Corporation, v. CHAS. HERMAN, Sheriff of Oliver County, North Dakota.

(161 N. W. 1017.)

**Mortgages — assignment of — execution — sale of land — redemption — period — redemptioner — who is.**

1. One W. gave first and second mortgages on 120 acres of land and a first mortgage on 40 acres. The first mortgages were assigned to R. and the second mortgage to D. M. obtained a judgment against W. and sold the land under execution subject to the prior mortgages. F. obtained a subsequent judgment; M. assigned the certificate of execution sale to P.; R. foreclosed the first mortgages; and D. and P. redeemed from the foreclosure sales. D. assigned his certificate of redemption and mortgage to M. After the expiration of the period of one year without redemption from the execution sale, and within sixty days from the redemptions by D. and P., F. attempted to redeem by paying to the sheriff the amount of all prior liens. *Held*, that at the expiration of the period for redemption from the execution sale F. ceased to be a redemptioner.

**Redemption — right of — limitation on.**

2. Sections 7753–7757, and 7763 of the Compiled Laws of 1913 construed and *held* to limit the exercise of the right of redemption to the period of one year from the day of sale, with a permissible extension applicable only in case of a redemption by a redemptioner within a year from the day of sale.

**Redemption period — expiration — full beneficial ownership — passes to purchaser — sheriff's deed — act of issuing — ministerial only.**

3. Sections 7757 and 7763 of the Compiled Laws of 1913 construed; and *held* that, upon the expiration of the period for redemption, the full beneficial ownership of the debtor passes to the purchaser at the execution sale, and that the execution of the sheriff's deed is only a ministerial act required to complete the formal transfer of the naked legal title.

**Redemptioner — rights of — asserting as such — other remedy — is not estopped to assert — legal rights — sheriff's certificate — property — interest in.**

4. One who assumes the position of a redemptioner to protect a right that

Note.—On whether purchaser or mortgagee from original owner after a sale under a prior mortgage, and during the redemption period, may be a redemptioner, see note in 29 L.R.A.(N.S.) 508.

On who may redeem from execution or foreclosure sale, see note in 21 Am. St. Rep. 243.

36 N. D.—12.

could be protected in some other manner is not estopped to assert his legal rights under a sheriff's certificate, as against a person who had, at the time of the redemption, no interest in the property, and who has since acquired no interest in reliance upon the assumed relationship.

**Mandamus — writ of — sheriff's deed — to compel issuance of — redemptioner — duty of sheriff — statutory requirements.**

5. A writ of mandamus will not issue to compel the execution of a sheriff's deed to one who is not a redemptioner, nor when it is the duty of the sheriff under the statute to issue the deed to another.

Opinion filed March 26, 1917.   Rehearing denied March 27, 1917.

Appeal from District Court of Morton County, *W. L. Nuessle,* Special Judge.

Affirmed.

*Pfeffer & Pfeffer,* for appellant.

Where property has been sold under execution or mortgage, and redeemed by a redemptioner, another redemptioner may redeem from such lost redemptioner, even after the expiration of one year, provided his redemption is made within sixty days after the last redemption. Comp. Laws 1913, §§ 7753, 7755, 8085; State ex rel. Brooks Bros. v. O'Connor, 6 N. D. 285, 69 N. W. 692.

Upon the expiration of the period of redemption, the proper officer must make and give to the purchaser or to the then holder of the certificate of sale, a deed of the real property sold. Comp. Laws 1913, § 7763.

Such sales pass no present title or right in or to the property until completed by deed. Comp. Laws 1913, §§ 7763, 8087; Smith v. Colvin, 17 Barb. 162.

"The deed on execution sales shall vest in the purchaser as good a title as was vested in the debtor." Comp. Laws 1913, § 7763; Swain v. Stockton Sav. & L. Soc. 78 Cal. 600, 12 Am. St. Rep. 118, 21 Pac. 365; National Bank v. Union Ins. Co. 88 Cal. 497, 22 Am. St. Rep. 324, 26 Pac. 509; Flanders v. Aumack, 32 Or. 19, 67 Am. St. Rep. 504, 51 Pac. 449; MacGregor v. Pierce, 17 S. D. 51, 95 N. W. 281; Kaston v. Storey, 47 Or. 150, 114 Am. St. Rep. 912, 80 Pac. 217; Van Camp v. Weber, 27 S. D. 276, 130 N. W. 591; Farr v. Semmler, 24 S. D. 290, 123 N. W. 835; Page v. Rogers, 31 Cal. 294; Whithed v. St. Anthony & D. Elevator Co. 9 N. D. 224, 50 L.R.A. 254, 81 Am.

St. Rep. 562, 83 N. W. 238; North Dakota Horse & Cattle Co. v. Serumgard, 17 N. D. 466, 29 L.R.A.(N.S.) 508, 138 Am. St. Rep. 717, 117 N. W. 453.

"The certificate of sale is only evidence of what transpired for the purposes of record notice, and as showing who is entitled to deed. It of itself conveys no title." North Dakota Horse & Cattle Co. v. Serumgard, 17 N. D. 466, 29 L.R.A.(N.S.) 508, 138 Am. St. Rep. 717, 117 N. W. 453; Macgregor v. Pierce, 17 S. D. 51, 95 N. W. 281; Farr v. Semmler, 24 S. D. 290, 123 N. W. 835; Van Camp v. Weber, 27 S. D. 276, 130 N. W. 591; Vandevender v. Moore, 146 Ind. 44, 44 N. E. 3; Bennett v. Matson, 41 Ill. 332; O'Brian v. Fry, 82 Ill. 274; Rockwell v. Servant, 63 Ill. 424; Vaughn v. Ely, 4 Barb. 159; Evertson v. Sawyer, 2 Wend. 507; Aldrich v. Sharp, 4 Ill. 261; Kihlholz v. Wolff, 8 Ill. App. 371; Johnson v. Baker, 38 Ill. 98, 87 Am. Dec. 293; Hays v. Cassell, 70 Ill. 669; Bowman v. People, 82 Ill. 246, 25 Am. Rep. 316; Roberts v. Clelland, 82 Ill. 538; Smith v. Colvin, 17 Barb. 161; Perry v. Burton, 111 Ill. 138; Horn v. Indianapolis Nat. Bank, 125 Ind. 381, 9 L.R.A. 676, 21 Am. St. Rep. 231, 25 N. E. 558; 27 Cyc. 1806; Robertson v. Van Cleave, 129 Ind. 217, 15 L.R.A. 68, 26 N. E. 899, 29 N. E. 781; Bouvier, Law Dict. 2 Bl. Com. 103, 195; 2 Crabb, Real Prop. *2 p. 942; Preston, Estate, 20; Black, Law Dict.; Washb. Real Prop. pp. 45, et seq.; Ross, Law Dict.; 2 Col. Litt. 345, 347; Neff v. Hagaman, 78 Ind. 57; McDonald v. Beatty, 10 N. D. 511, 88 N. W. 281.

One who assumes to be a redemptioner and acquires the rights of a redemptioner also assumes the obligations and liabilities of a redemptioner, and he must permit a qualified redemptioner to redeem from him within the period given by statute to a subsequent lien holder, and he is estopped to deny such rights. North Dakota Horse & Cattle Co. v. Serumgard, 17 N. D. 466, 29 L.R.A.(N.S.) 508, 138 Am. St. Rep. 717, 117 N. W. 453; Horn v. Cole, 51 N. H. 287, 12 Am. Rep. 111; Pom. Eq. Jur. §§ 802–804, 809–811; Fargo Gas & Coke Co. v. Fargo Gas & E. Co. 4 N. D. 219, 37 L.R.A. 593, 59 N. W. 1066.

Redemption laws are looked upon with favor, and where no injury is to follow, a liberal construction should be given them to the end that the property of the debtor may pay as many of his debts as possible. 17 Am. & Eng. Enc. Law, 1035; Lysinger v. Hayer, 87 Iowa, 335, 54

N. W. 145; Hervey v. Krost, 116 Ind. 268, 19 N. E. 125; Todd v. Johnson, 56 Minn. 67, 57 N. W. 320; Sprague v. Martin, 29 Minn. 231; Schuck v. Gerlach, 101 Ill. 338; Oldfield v. Eulert, 148 Ill. 614, 39 Am. St. Rep. 231, 36 N. E. 615.

*John F. Sullivan,* for respondent.

The plaintiff, by failing to redeem from the execution sale within the year allowed for redemption, could not redeem from the sale later made under the mortgage foreclosure. Plaintiff's judgment lien or right to redeem thereunder was cut off by failure to redeem from the first sale of the premises within the time allowed by law, and plaintiff cannot thereafter be permitted to come in and try to redeem from another sale, and thus revive a right lost to it before. Past v. Rennier, 30 N. D. 1, 151 N. W. 763; White v. Rathbone, 73 Minn. 236, 75 N. W. 1046; Bartleson v. Thompson, 30 Minn. 161, 14 N. W. 795; Lowry v. Akers, 50 Minn. 508, 52 N. W. 922.

Time is of the essence of the redemption statutes, and a failure to redeem within the time allowed by statute and in the manner provided by statute absolutely bars a redemptioner from redeeming. Comp. Laws 1913, § 7754; Lynch v. Burt, 67 C. C. A. 305, 132 Fed. 417; Gilchrist v. Comfort, 34 N. Y. 235; Froelich v. Swafford, 33 S. D. 142, 144 N. W. 925; State ex rel. Brooks Bros. v. O'Connor, 6 N. D. 285, 69 N. W. 692; Francestown Sav. Bank v. Silver, 122 Iowa, 685, 98 N. W. 498; Nichols v. Tingstad, 10 N. D. 172, 86 N. W. 694; Rucker v. Steelman, 73 Ind. 397; Little v. Worner, 11 N. D. 382, 92 N. W. 456; Haley v. Young, 134 Mass. 364; Trenery v. American Mortg. Co. 11 S. D. 506, 78 N. W. 991; Lowe v. Grinnan, 19 Iowa, 193; MacGregor v. Pierce, 17 S. D. 51, 95 N. W. 281; McConkey v. Lamb, 71 Iowa, 636, 33 N. W. 146; Gates v. Ege, 57 Minn. 465, 59 N. W. 495; McMillan v. Richards, 9 Cal. 365, 70 Am. Dec. 655; Whithed v. St. Anthony & D. Elevator Co. 9 N. D. 224, 50 L.R.A. 254, 81 Am. St. Rep. 562, 83 N. W. 238.

The only title that remains in the mortgagor or judgment debtor is merely the naked legal title, the purchaser holding all equitable title. Whithed v. St. Anthony & D. Elevator Co. supra.

The presumption is that the value of the interest of the debtor is the amount bid at the sale. Harvison v. Griffin, 32 N. D. 188, 155 N. W. 655.

BIRDZELL, J. This is an appeal from a judgment of the district court of Morton county denying a writ of mandamus and dismissing the petition. The petition prayed the issuance of a writ directed to the defendant, Chas. Herman, sheriff of Oliver County, requiring him to execute sheriff's deeds to the relator, covering certain lands which the relator claimed to have redeemed from execution and foreclosure sales in circumstances that will appear in the following brief statement of the essential facts:

One Charles L. Wright was the owner of 160 acres of land, which he mortgaged in the year 1909 by executing two first mortgages on different parcels thereof, which mortgages were subsequently assigned to one Regan. He also gave a second mortgage upon a 120-acre tract, which was later assigned to one Robert Dunn.

In February, 1913, the Mandan Mercantile Company levied an attachment against the land, and in December of the same year sold the same by virtue of a special execution in satisfaction of a judgment obtained by the mercantile company against Wright. A sheriff's certificate of sale was duly issued to the judgment creditor. On March 25, 1913, the Forest Lake State Bank, of Forest Lake, Minnesota, also levied an attachment against the same land as the property of Wright, and in February of the following year a judgment in its favor was duly obtained against Wright. On January 17, 1915, Regan, the assignee of the first mortgage, caused 120 acres of the land to be sold under the mortgage, and a sheriff's certificate was duly issued to him. On April 18, 1914, Regan also caused the remaining parcel of 40 acres to be sold under his first mortgage, and a sheriff's certificate of sale as to this tract was also issued to him. Sheriff's deeds have never been issued upon any of these certificates of sale.

The Mandan Mercantile Company assigned its certificate of execution sale to one Parsons. Robert Dunn, the owner of the second mortgage upon the 120 acre tract, redeemed in due time from the first-mortgage foreclosure sale as to this tract, and Parsons redeemed in due time from the first-mortgage foreclosure sale of the 40-acre tract. Robert Dunn assigned his certificate of redemption, together with his second mortgage, to the Mandan Mercantile Company, and, within sixty days after the redemptions effected by him and by Parsons, the Forest Lake State Bank, subsequent judgment creditor of Wright, attempted to redeem

by paying to the sheriff the amount necessary to discharge all liens in favor of the prior redemptioners. The sheriff executed to the bank, the relator herein, a certificate of redemption, but refuses to issue deeds, owing to the refusal of the mercantile company and Parsons to receive the redemption money and to their claim of right to deeds pursuant to the mortgage and execution sales.

More than one year having elapsed after the execution sale before any attempt was made to redeem therefrom, it is contended on behalf of the certificate holders that they are entitled to sheriff's deeds, even though they had assumed the position of redemptioners in order to protect their interests from the consequence of the foreclosure of prior mortgages. The contrary contention of the relator is based upon the proposition that, when one becomes a redemptioner for one purpose, he is a redemptioner for all purposes; and, in addition, the relator relies upon the generally accepted doctrine that redemptions are favored to the end that the property of the debtor may be made to pay as many of his debts as it will. However strongly these principles may appeal to the sense of justice, and however strong the temptation may be to regard them as controlling in particular cases, we cannot lose sight of the fact that the legislature has seen fit, and we dare say wisely, to prescribe definite rules of limitation governing redemptions. These rules are as binding upon the courts as any other within the proper sphere of legislation, and they must be applied according to their true intention in all cases to which they are applicable. We are mindful, however, that the statutes governing redemptions do not wholly remove the subject-matter of redemption from the operation of the doctrines of equity, and that, in any particular case where a ground for equitable relief is shown to exist, the appropriate decree will not be withheld because of encroachment upon the literal meaning of a statute. This court has, in the exercise of its equitable jurisdiction, permitted redemptions where the statutory period has elapsed. Hedlin v. Lee, 21 N. D. 495, 131 N. W. 390; Wade v. Major, — N. D. —, — N. W. —. See also Murphy v. Teutsch, 22 N. D. 102–104, 35 L.R.A.(N.S.) 1139, 132 N. W. 435, Ann. Cas. 1913E, 1185, but circumstances were shown to be present warranting equitable relief.

In the case before us we must first ascertain the meaning of the statute, to determine whether or not a fair construction warrants the issu-

ance of the writ asked for.   The sections of the statute bearing upon the question are as follows:

Comp. Laws 1913, § 7753.   "Property sold subject to redemption, or any part sold separately, may be redeemed in the manner hereinafter provided by the following persons, or their successors in interest:

"1. The judgment debtor, or his successors in interest.

"2. A creditor having a lien by judgment, mortgage or otherwise on the property sold or on some share or part thereof, subsequent to that on which the property was sold.

"The persons mentioned in the second subdivision of this section are in this chapter termed redemptioners."

Section 7754 provides:   "The judgment debtor or redemptioner may redeem the property from the purchaser within one year after the sale. . . ."

Section 7755, in so far as applicable, is as follows:   "If the property is so redeemed by a redemptioner, another redemptioner may, even after the expiration of one year from the day of sale, redeem from such last redemptioner; provided, the redemption is made within sixty days after such last redemption."

Section 7757 reads:   "If the property is not redeemed according to law, the purchaser or his assignee or the redemptioner, as the case may be, is entitled to a sheriff's deed of the property and it shall be the duty of the sheriff to execute and deliver such deed immediately after the time for redemption has in each case expired."

Section 7763 reads in part as follows: "Upon the expiration of the period for redemption the proper officer must make the purchaser, or the party entitled thereto, a deed of real property sold.   The deed . . . shall vest in the purchaser or other party as aforesaid as good and perfect a title . . . as was vested in the debtor at or after the time when such real property became liable to the satisfaction of the judgment."

The petitioner must fail in this action unless it is a redemptioner, or, if not such redemptioner, unless there is some equitable reason for extending the period of redemption in its favor.   In determining whether or not, under the statutes above quoted, the petitioner is a redemptioner and as such entitled to redeem from the mortgage foreclosure sales, we must look to the effect of the failure to redeem from the excution sale. Section 7753 names two classes of persons who can redeem.   The first

is the judgment debtor or his successors in interest. The second comprises creditors having liens, who are termed redemptioners. The petitioner claims its right to redeem by virtue of being a creditor having a lien by judgment, but under the conceded facts in this case more than a year had elapsed after the execution sale under the Mandan Mercantile Company judgment before any attempt was made on behalf of the relator to redeem from the prior mortgage-foreclosure sales. There having been no redemption from the execution sale by the judgment debtor or by any redemptioner within the period of a year as prescribed by § 7754, the right to redeem from such sale was terminated; and any judgment creditor who did not avail himself of the right to redeem within this period lost the lien of his judgment as against the interest of the judgment debtor in the land sold. This interest passed completely to the purchaser at the execution sale, and the only thing that remained to be done was the ministerial act on the part of the sheriff of executing the formal instrument of transfer. After the failure to redeem from the execution sale for the period of a year, it is idle to say that the judgment creditor continued to have lien. There was no interest of the judgment debtor to which such lien could attach. After the expiration of a year from the execution sale without a redemption, the relator could no more redeem from the foreclosure sale than could the original debtor himself. The statute equally precluded both. We conclude that the lien of the relator's judgment was extinguished when the equity of redemption was terminated, and that thereafter the relator was not a redemptioner. See Parker v. Dacres, 130 U. S. 43, 32 L. ed. 848, 9 Sup. Ct. Rep. 433; Stevens v. Ferry, 48 Fed. 7; Cummings v. Pottinger, 83 Ind. 294; Diamond v. Turner, 11 Wash. 189, 39 Pac. 379.

Appellant argues at considerable length that the above conclusions are unwarranted in this case, because of the fact that the sheriff's deed has not been given. The contention is that, since the sheriff's deed is required to transfer the title of the debtor, such title remains in him until the deed is executed and delivered in conformity with the statute. We thing this argument entirely untenable for the reason that the legal title of the debtor is unavailing to him for any purpose after the period of redemption prescribed by the statute has elapsed. The law makes it the ministerial duty of the sheriff to execute the deed immediately upon the expiration of the period for redemption. This being true, the sub-

stantial rights of the debtor and of the various redemptioners must be judged as though this ministerial act had been performed. Liens do not inhere in mere naked legal titles, they attach to the substantial interests of the owners of property. If the debtor could no longer redeem, of what value is a legal title still reposing in him which could be transferred from him by the mere ministerial act of a public officer?

In support of the contention of the appellant many authorities are cited, holding that a purchaser at an execution sale acquires only a lien. A careful examination of these authorities discloses that none of them goes to the extent of holding that a certificate holder can be compelled to permit a redemption after the lapse of the statutory period. The case principally relied upon is Robertson v. Van Cleave, 129 Ind. 217, 15 L.R.A. 68, 26 N. E. 899, .29 N. E. 781. In this case the question arose as to the capacity in which the holder of a sheriff's certificate was entitled to redeem, and the court held that he was entitled to redeem as a lien holder, but not as owner. "His character is not," said the court, "transformed into that of an owner until the sale is consummated by the execution of a deed." Upon a rehearing of the case, the court went more at length into the question of the character of the interest which the holder of the sheriff's certificate held after the period of redemption had expired. In the opinion upon rehearing found in 29 N. E. p. 781, the court said: *"The expiration of the year allowed for redemption enlarges his* [the certificate holder's] *rights, in this,—that to his lien on the land is added an equitable interest in the land, which his act alone may ripen into a title. His right to a deed, instead of being contingent upon the action of others, has become absolute, and depends solely upon his own action. If he has done nothing to waive his right, no act of another can thereafter, without his consent, deprive him of it, as might have been done by redemption before that time. If he exercises his right, and demands and receives from the sheriff a deed, he thereby ac· quires a legal title."* It is clear from the above quotation that the supreme court of Indiana regarded the right of the debtor to redeem as. terminated upon the expiration of the statutory period. Instead of the authority supporting the appellant's contention as to the extension of the right to redeem, it rather supports the opposite view. As said above, the court holds only that the certificate holder must redeem as a lien holder. If Parsons, in the instant case, had not redeemed as a lien

holder, the appellant might have invoked the rule of the Indiana case to attack the validity of the redemption.

In a later Indiana case, Hubble v. Barry, 180 Ind. 513, 103 N. E. 328, the holder of a sheriff's certificate, issued in 1897, made no demand for a deed, and consequently no deed was executed for more than ten years after the issuance of the certificate. The court, in considering whether the issuance of the certificate merely continued the lien of the judgment for which the land had been sold, or operated to give to the holder thereof an estate in the lands upon the expiration of the period for redemption, held that the holder of the sheriff's certificate was invested with much more than the equivalent of the judgment lien. The running of the Statute of Limitations against the judgment lien was held not to affect the interest acquired and held under the sheriff's certificate. The court relied upon the case of Robertson v. Van Cleave, supra, and especially emphasized that feature of the opinion wherein it was held that the holder of the certificate acquired *"an equitable estate in the property."*

In the case of Past v. Rennier, 30 N. D. 1, 151 N. W. 763, this court has at least strongly intimated, if not directly held, that the failure to redeem within the statutory period for redemption excludes one from any interest in the property sold, and that a lien holder who refrains from exercising the right to redeem within the period prescribed by statute ceases to be a redemptioner. In that case, however, the sheriff's deed was issued immediately upon the expiration of the period for redemption, so the appellant is correct in his contention that the case is not entirely analogous to the instant case.

In Minnesota it has been held in several cases that the failure to redeem within the period of time fixed by the statute cuts off junior liens and terminates the rights of junior lien holders as redemptioners. Bartleson v. Thompson, 30 Minn. 161, 14 N. W. 795; Lowry v. Akers, 50 Minn. 508, 52 N. W. 922; White v. Rathbone, 73 Minn. 236, 75 N. W. 1046. The appellant concedes that under the rule of the Minnesota cases its right to redeem terminated upon the expiration of the statutory period, but contends that this rule is inapplicable under statutes similar to ours, requiring the execution of a sheriff's deed to convey the title of the debtor. In the Minnesota statutes (General Statutes of Minnesota 1913, § 7942) it is provided that the certificate of

sale shall itself operate as a conveyance upon the expiration of the time for redemption. In our opinion there is no substantial difference in this respect between the statutes of Minnesota and those of North Dakota. In this state it is the ministerial duty of the sheriff to execute a deed to effect a formal transfer of the naked legal title, and the equities of interested parties can be properly determined only by regarding as done those official acts which the law requires to be done. It is true that the holder of the sheriff's certificate may, even after the period for redemption has expired, permit redemption to be made, but this rests wholly in the discretion of the holder of the certificate. He cannot be compelled to permit redemption after the statutory period has elapsed; although he might be willing to accept the full amount of his claims and to assign the certificate evidencing his right to a deed. In this case the holder of the certificate of execution sale refuses to receive the redemption money and to assign his certificate. This being true, it is the duty of the sheriff to execute the deed to the certificate holder rather than to the relator.

The argument is further advanced on behalf of the appellant that, since Dunn and Parsons have redeemed from the mortgage-foreclosure sales as redemptioners, they must be regarded as redemptioners for all purposes. Granting the soundness of this argument, before it can avail the appellant it must be in a position to take advantage of the fact that the redemption in these circumstances rendered the interest of the redemptioners so redeeming subject to the like interests of other redemptioners. The principle invoked has nowhere been applied more liberally, we believe, than in the case of North Dakota Horse & Cattle Co. v. Serumgard, 17 N. D. 466, 29 L.R.A.(N.S.) 508, 138 Am. St. Rep. 717, 117 N. W. 453. But in that case it was invoked to support the right of one who was a redemptioner at the time of the assumption of that relationship by another, upon whose action the right of the redemptioner was predicated. The court was called upon to determine the validity of a redemption alleged to have been effected by one Serumgard. The property had been sold upon the foreclosure of a fifth mortgage, the sale occurring on March 26, 1904. A sixth mortgage was held by one Williams, and a seventh mortgage, executed on the 3d day of March, 1905, was held by Serumgard. On March 25, 1905, Williams redeemed as a redemptioner. On April 25, 1905, Sannan, the holder of the prior mortgages not affected by the foreclosure, redeemed as a redemptioner, and

within sixty days from the date of this redemption, to wit on June 22, 1905, Serumgard redeemed as a redemptioner under his seventh mortgage. It clearly appears from these facts that, at the time of Sannan's redemption, Serumgard was a lawful redemptioner, and Sannan, having redeemed in that capacity, was not permitted to assume subsequently an attitude that would prejudice the right of Serumgard to redeem within the sixty days given by the statute. This case does not go to the extent of holding that one who assumes the position of a redemptioner must permit redemptions by those who, at the time of the assumption of such attitude, had ceased to be redemptioners. The decision in the Serumgard case must rest upon the principle of estoppel, and only those can invoke the principle who have acted in reliance upon the relation assumed by the one who styled himself a redemptioner. Surely one whose lien was dead at the time cannot be said to have acted upon the assumed relationship, or to have been prejudiced in any way. Appellant not being classed as a redemptioner, as above indicated, is in no position to complain if not recognized as such.

Our confidence in the correctness of the conclusions reached is strengthened when we consider the possible effect of adopting the rule contended for by appellant. Confessedly appellant's whole case rests upon the fact that the sheriff's deed was not issued to the purchaser at the execution sale. This court is asked to say that, in all cases where this mere ministerial act is not performed, the rights of parties in whose favor it is required to be performed will be rendered subject to the subsequent claims of those who have not seasonably exercised the right to redeem. By force of the doctrine contended for, dilatory creditors would be enabled to speculate at the expense of one having a completely vested interest in the property. We are satisfied that the statutes governing redemptions are not susceptible to the construction contended for by appellant. If appellant loses, it loses by reason of its failure to exercise the reasonable and proper degree of vigilance necessary to secure its rights and to insure their timely protection. We are impelled to conclude that, under a fair construction of the statutes governing redemptions, regarding them in a light most favorable to both debtors and creditors interested in redeeming, the petitioner has not brought itself within their provisions so as to warrant the issuance of the writ prayed for. The writ must be denied, therefore, unless the

petitioner has set forth equitable reasons for being permitted the rights of a redemptioner.

We have carefully examined the petition and the evidence submitted, and we find no reason or facts set forth that would warrant the extension of the right of redemption to the petitioner upon equitable grounds. Thus, the petitioner wholly fails in its attempt to reach the property in question.

It may well be doubted whether, in an application for a writ of mandamus, the inquiry should extend further than is necessary to determine the bare legal aspect of the petitioner's right, but we have preferred to review the merits of the issues presented to the trial court. If the inquiry is confined to the questions proper for the consideration of the sheriff in determining to whom deeds should issue, the answer to the petitioner's demand is found in the statute making it the duty of the sheriff "to execute and deliver such deed immediately after the time for redemption has in each case expired." Under this statute the duty was owing to the holder of the certificate of execution sale, from which there was no redemption.

The judgment is affirmed.

GRACE, J.  I dissent.

ROBINSON, J. (dissenting). This is a suit brought by the plaintiff as a redemptioner to compel the sheriff to make to him a deed of land redeemed from a prior redemptioner. There was a mortgage foreclosure of a quarter section of land. The owner failed to redeem, but a redemption was duly made by the parties (Parsons and Dunn) under small liens. To redeem, they paid $1,419. Then, within sixty days, the plaintiff duly offered to redeem from the first redemptioners, and paid to the sheriff the full amount due them, with interest at 12 per cent, amounting to $1,686.83. The sheriff accepted the money and duly made to the plaintiff a certificate of redemption. The first redemptioners refused to receive the money, and hence the sheriff refused to make to the plaintiff a deed of the land, as provided by statute.

The defense is that the second redemption was unauthorized because of the conceded fact that it was made more than a year from the date of the execution sale and foreclosure under which Parsons redeemed.

And said execution sale was prior to the judgment of the second redemptioner. The arguments are not all on one side, but all questions of doubt must be resolved in favor of equity and justice. In making their redemption, the first redemptioner treated their judgment and the sheriff's sale certificate as a mere lien on which there was due and owing a specified amount, and the second redemptioners treated it in the same manner and paid to the sheriff the sum due on all prior liens, with interest at 12 per cent.

No creditor can fairly complain that he is injured when he gets all his money with interest at 12 per cent, even though it may prevent him from making a speculation and getting something for nothing. In case of an execution or foreclosure sale, equity strongly favors a party who fairly and honestly tries to protect himself by a redemption from a redemptioner.

As stated in the brief of counsel: "The redemption statute is remedial in its nature, and is intended not only for the benefit of creditors holding liens subsequent to a lien in process of foreclosure, but more particularly for the purpose of making the property of the debtor pay as many of his debts as it can be made to pay, and to prevent its sacrifice, and the statute should be liberally construed.

"One who assumes to be a redemptioner, and acquires the rights of a redemptioner also assumes the obligations and liabilities of a redemptioner, and it follows that he must permit a qualified redemptioner to redeem from him within the period given by statute to a subsequent lien holder.

"The title acquired by a redemptioner is the same which he would acquire by a voluntary sale and purchase of the sheriff's certificate of sale, except that the statutes recognize the equity of requiring one given this right by law to permit those similarly situated to purchase from him within a specified time; in other words, it gives the subsequent lien holder the same right given him."

There is no reason for an extended discussion of this matter. The statute on redemption, which gives a redemptioner a right to redeem from a prior redemptioner within sixty days, is plain enough, and I think the second redemptioner is clearly within the statute.

This is the opinion to which all the Judges agreed before a rehearing.