In the Matter of CONSTRUCTION LEASING AND INVESTMENT CORP., Debtor.

SUN BANK/SUNCOAST, formerly Sun First National Bank, Plaintiff,

v.

CONSTRUCTION LEASING AND INVESTMENT CORP., Defendant.

No. 82–190.
Adv. No. 82–144.

United States Bankruptcy Court,
M. D. Florida,
Tampa Division.

June 2, 1982.

Jary Streitwieser, Tampa, Fla., for plaintiff.

Harley Riedel, Tampa, Fla., for defendant.

FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS an adversary proceeding and the matter under consideration is a complaint filed by Sun Bank/Suncoast, Sun First National Bank of Dunedin (Sun Bank) against the Debtor, Construction Leasing and Investment Corporation, which filed its petition for relief under Chapter 11 of the Bankruptcy Code on February 5, 1982. The complaint seeks relief from the automatic stay imposed by § 362(a) of the Bankruptcy Code and alleges that the Plaintiff is not adequately protected, that the Debtor lacks equity in the property and that the property is not necessary for an effective reorganization.

The facts germane to the resolution of this controversy can briefly be summarized as follows:

On May 5, 1977, Charles E. Morgan, Jr., the President of the debtor corporation, and his then-wife Laura G. Morgan, executed and delivered to Sun Bank a promissory note in the amount of $200,000. On August 25, 1977, Mr. and Mrs. Morgan executed a renewal of the May 5th note together with a mortgage securing the payment of the underlying indebtedness. The mortgage encumbered certain real property owned by the Morgans and located in Pinellas County, Florida. Subsequently, on October 10, 1978, the Morgans conveyed the property to Construction Leasing.

After the note fell into default, Sun Bank commenced an action in the Circuit Court for Pinellas County, Florida, Case No. 81–4452–11, to foreclose its mortgage and obtained a judgment on January 8, 1982, in the amount of $307,339.21. Pursuant to the final judgment, the property was sold at public sale by the clerk of the court for Pinellas County, Florida on January 29, 1982, for the sum of $300,000. The clerk promptly filed the Certificate of Sale as required by Fla.Stat. § 45.031(2). However, prior to the filing of the Certificate of

Title, Construction Leasing filed its petition for relief in this Court thereby preventing the completion of the foreclosure proceeding.

 It is important to note at the outset that under Fla.Stat. § 45.031 et seq. the owner of the foreclosed property may exercise a right of redemption within 10 days after the filing of the Certificate of Sale. It is the filing of the Certificate of Title which vests the title of the property in the purchaser and extinguishes the mortgagor's right of redemption. Fla.Stat. § 45.031(4). It is also clear that where the debtor files his petition for relief prior to the filing of the Certificate of Title, i.e. before the expiration of the statutory redemption period, that the right of redemption remains with the debtor and becomes property of the estate under § 541 of the Code.

Having decided that the mortgagor's right of redemption is property of the estate, it is also essential to determine whether the automatic stay imposed by § 362(a) of the Code embraces and protects this right of redemption. Notwithstanding the fundamental protection afforded by § 362(a), this Court is of the opinion that § 362(a) is inapplicable in this instance and that § 108(b) of the Code is controlling. This Section provides, in pertinent part, as follows:

> "(b) Except as provided in subsection (a) of this section, if applicable law, an order entered in a proceeding, or an agreement fixes a period within which the debtor or an individual protected under section 1301 of this title may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure, or perform, as the case may be, before the later of—
>
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; and
>
> (2) 60 days after the order for relief."

As the Court stated in *Bank of Commonwealth v. Bevan*, 13 B.R. 989 (E.D.Mich. 1981):

> "While a stay tolling the running of the statutory period would give the debtor greater protection than that contemplated by § 108, this court finds that where one section of the Bankruptcy Code explicitly governs an issue, another section should not be interpreted to cause an irreconcilable conflict." at p. 994.

Thus, it is clear that the automatic stay imposed by § 362(a) of the Code does not override the provisions of § 108(b) and, therefore, the debtor must abide by the time period set forth in this latter section.

A separate final judgment will be entered in accordance with the foregoing.