In re John W. MARTINSON and Linda
L. Martinson, d/b/a Martinson
Brothers, Debtors.

John W. MARTINSON and Linda L.
Martinson, d/b/a Martinson Brothers,
Plaintiffs-Appellees,

v.

FIRST NATIONAL BANK OF OAKES,
Defendant-Appellant.

Oakes Farming Association—Intervenor.

Civ. No. A3–82–52.
Bankruptcy No. 81–05460.

United States District Court,
D. North Dakota,
Southeastern Division.

Jan. 12, 1983.
As Amended Jan. 17, 1983.

Fintan Dooley, Bismarck, N.D., for plaintiffs-appellees.

Roger J. Minch, Fargo, N.D., for defendant-appellant.

Douglas A. Christensen, Grand Forks, N.D., for intervenor.

## MEMORANDUM OF DECISION AND ORDER

BENSON, Chief Judge.

First National Bank of Oakes (First National) appeals a bankruptcy court order dated March 12, 1982, contending the bankruptcy court erred in ruling that 11 U.S.C. § 362(a) operates to suspend or toll the running of a statutory redemption period in a mortgage foreclosure proceeding.

The facts in this case are not disputed. On August 5, 1975, the following land in Township 129, Range 62, Dickey County, North Dakota, was conveyed to John W. Martinson and Oscar B. Martinson by warranty deed: the North One-half of Section 23; the Northeast Quarter of Section 22, and the Southeast Quarter of Section 23. The deed was recorded in the Dickey County Register of Deeds Office on September 4, 1975.

On October 30, 1978, to secure a promissory note in the amount of $120,000, John W. Martinson and Linda L. Martinson gave the First National Bank of Oakes a mortgage to the above described real property and an assignment of rents to be effective until the mortgage was fully paid and satisfied. Both documents were recorded in the Dickey County Register of Deeds Office on November 9, 1978.

No payments on the promissory note secured by the mortgage were received by First National after April 1979. The bank therefore commenced a proceeding to foreclose the mortgage on March 24, 1980. The foreclosure action was contested by Oscar B. Martinson who contended that because he had not signed the mortgage, it could not be enforced against his half interest in the property. Judge Hamilton Englert ruled on November 26, 1980 that because the mortgage had actually been given by a partnership which included Oscar Martin-

son, First National was entitled to judgment in the amount of $130,583.17 against John W. Martinson, Linda L. Martinson, his wife, both individually, and Oscar B. Martinson and Susan M. Libecki, his wife, both individually, doing business as "Martinson Brothers" and a judgment of foreclosure. Judgment was entered on December 22, 1980. There was no appeal. The mortgaged property was sold at public auction on February 17, 1981 to First National for $136,189.16.

John W. Martinson and Linda L. Martinson filed a Chapter 11 Petition on October 17, 1981. In a complaint dated December 4, 1981, the Martinsons alleged that the filing of the petition entitled them to a temporary and permanent order restraining First National from obtaining a Sheriff's Deed to the mortgaged premises on February 17, 1982, when the twelve month statutory redemption period would have expired. First National's Answer, dated December 30, 1981, contended that 11 U.S.C. § 362 does not allow the redemption period to be extended beyond February 17, 1982. In an order dated March 12, 1982 the bankruptcy court ruled that 11 U.S.C. § 362(a) operates to suspend or toll the running of the redemption period and that the stay would remain in effect until such time as it is lifted or modified.

First National filed a notice of appeal from the March 12, 1982 Bankruptcy Court order on March 17, 1982. On March 19, 1982 the bankruptcy court granted the motion of Oakes Farming Association to intervene in the adversary proceeding. Oakes Farming Association had acquired a state court judgment in the amount of $260,-017.45[1] against "Martinson Brothers," a partnership, John Martinson, Linda L. Martinson, Oscar B. Martinson and Susan M. Libecki on March 24, 1981, and attempted to redeem the mortgaged property from

First National on March 3, 1982.[2] However, First National rejected and returned the Association's check on the basis that full beneficial ownership of the mortgaged premises vested in First National on February 17, 1982, notwithstanding the filing of the Martinson's Chapter 11 petition.

First National consented to the intervention of the Oakes Farming Association in the adversary proceeding and feels that the Oakes Farming Association is a proper party to this appeal. After the submission of briefs by counsel for First National, Oakes Farming Association, and the Martinsons, this court heard oral argument on September 30, 1982 and took the matter under advisement.

Before the court can address the issue of the stay under 11 U.S.C. § 362(a), it must first determine what the debtors' remaining interest in the real property is and whether this interest constitutes "property of the bankruptcy estate." State property law generally determines what property rights form the estate under 11 U.S.C. § 541 and are therefore protected by the provisions of the bankruptcy code. *Butner v. United States,* 440 U.S. 48, 54–55, 99 S.Ct. 914, 917–18, 59 L.Ed.2d 136 (1979). The Martinsons and the Oakes Farming Association argue that under North Dakota law title to real property remains in the mortgagor, the certificate of sale obtained by a purchaser at an execution sale conveying no title until the sheriff's deed is delivered. First National, on the other hand, contends that a judgment debtor's only interest in the property is the right to redeem, which automatically expires at the end of the redemption period.

## I. APPLICABLE NORTH DAKOTA PROPERTY LAW

■ Under North Dakota law a purchaser of real property at an execution sale

---

1. On appeal this judgment was modified by the North Dakota Supreme Court to eliminate a $79,655.00 setoff that had been allowed by the trial court against the total amount due to the Oakes Farming Association. *Oakes Farming Association v. Martinson Brothers,* 318 N.W.2d 897, 909 (N.D.1982). The total judgment is now $339,522.45 plus interest at the legal rate from December 18, 1980. *Id.*

2. Under North Dakota law the judgment operates as a lien on the real property and gives the Oakes Farming Association the status of a redemptioner. N.D.Cent.Code § 28–24–01(2) (1974).

takes the property subject to the debtor's statutory right of redemption. N.D.Cent. Code § 28–23–11 (1974). The debtor has the right to redeem the property from the purchaser within one year after the sale. *Id.* §§ 28–24–01 and 28–24–02. Upon sale of the property, the purchaser acquires all the right, title and interest which the judgment debtor possessed at the time the judgment was docketed, free from any rights or liens under subsequent encumbrances, but subject to prior rights and liens and the right of redemption. N.D.Cent.Code § 28–23–11; *Kulm Credit Union v. Harter,* 157 N.W.2d 700, 705 (N.D.1968); *Nichols v. Tingstad,* 10 N.D. 72, 74, 86 N.W. 694, 695 (1901). A certificate of sale is issued to the purchaser by the sheriff. N.D.Cent.Code § 28–23–11. The North Dakota Supreme Court has held that "[t]he certificate of sale is only evidence of what transpired for the purposes of record, notice, and to protect purchasers against intervening claims, and as showing who is entitled to a deed, and it, of itself, conveys no title. *North Dakota Horse and Cattle Co. v. Serumgard,* 17 N.D. 466, 472, 117 N.W. 453, 460 (1908). The legal title to the property remains in the judgment debtor until the period of redemption has expired. *Whithed v. St. Anthony and Dakota Elevator Co.,* 9 N.D. 224, 225, 83 N.W. 238, 239 (1899). The debtor is therefore entitled to the possession, rents, use and benefit of the property sold from the date of sale until expiration of the period of redemption. N.D.Cent.Code § 28–24–11.

If the property sold is not redeemed within the twelve month period of redemption, the purchaser "is entitled to a sheriff's deed of the property, and the sheriff shall execute and deliver such deed immediately after the time for redemption ... has expired." *Id.* § 28–24–13. The North Dakota Supreme Court has characterized the execution of the sheriff's deed as "the ministerial act" required to complete a formal transfer of the legal title, the debtor's beneficial ownership having passed to the purchaser upon the expiration of the period of redemption. *State v. Herman,* 36 N.D. 177, 179, 161 N.W. 1017, 1019 (1917); *Mehlhoff*

*v. Pioneer State Bank,* N.D., 124 N.W.2d 401, 406 (1963). Either the judgment debtor or a creditor having a lien by judgment, mortgage or otherwise may redeem the property. N.D.Cent.Code § 28–24–01; *Kulm Credit Union v. Harter,* 157 N.W.2d at 705.

■ From the foregoing discussion, it is clear that during the statutory redemption period the judgment debtor retains a significant interest in the property in addition to the statutory right of redemption, that being the rights to possession, rents, use and benefit of the property until the expiration of the redemption period. However, the purchaser at an execution sale also has an interest to be protected. He is entitled to the expectation of full title upon the expiration of the redemption period and should not be burdened with "the unbargained for uncertainty of an indefinite redemption period which may adversely affect his right to expect the terms and conditions of the sale to be fulfilled." *In Re James,* 20 B.R. 145, 148 (Bkrtcy.E.D.Mich.1982).

## II. APPLICATION OF THE BANKRUPTCY CODE

■ While the nature and extent of the debtor's interest in real property is determined by state law, the Bankruptcy Code defines those property interests which become property of the estate. *Bank of Commonwealth v. Bevan,* 13 B.R. 989, 990–91 (Bkrtcy.E.D.Mich.1981). The Bankruptcy Code defines "property of the estate" as follows:

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

11 U.S.C. § 541(a)(1). Therefore, the statutory right of redemption created under state law generally passes into the bank-

ruptcy estate if the redemption period has not expired at the time the bankruptcy petition was filed. *Bank of Commonwealth v. Bevan,* 13 B.R. at 991, citing 4 *Collier on Bankruptcy* ¶ 541.07[3] (15th ed.1980). Because at the time the Martinsons filed their Chapter 11 petition exactly four months remained for them to redeem the property (from October 17, 1981 to February 17, 1982), the right to redeem became property of the estate under section 541. Additionally, the debtor's rights to possession, rents, use and benefit of the property during the redemption period became property of the estate.

Once a petition in bankruptcy has been filed, an automatic stay, which prevents certain actions against the debtor or the property of the bankruptcy estate, takes effect. The automatic stay provision provides, in pertinent part, as follows:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302 or 303 of this title operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and

(8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor.

11 U.S.C. § 362(a).

Whether this section of the Bankruptcy Code tolls or suspends the running of the statutory redemption period is a question of first impression. The legislative history of 362(a) states that this provision is one of the fundamental debtor protections provided by the bankruptcy laws. H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 340 (1977), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 6296. The legislative history emphasizes the broad nature of the stay provision and states that the stay gives the debtor a breathing spell, while at the same time providing creditor protection by ensuring an orderly administration of the debtor's property. *Id.* at 6296–97.

The Martinsons and the Oakes Farming Association have asked this court to affirm the bankruptcy court ruling automatically tolling the running of the statutory redemption period in this case. In so ruling the bankruptcy court adopted the reasoning of *Matter of Dohm,* 14 B.R. 701 (Bkrtcy.N.D.Ill.1981) and *In Re Johnson,* 8 B.R. 371 (Bkrtcy.D.Minn.1980).[3] As has been noted

---

**3.** At least two United States District Courts and numerous bankruptcy courts have considered the effect that the filing of a bankruptcy petition has on the running of statutory redemption periods. The following courts have held that the automatic stay provision, 11 U.S.C. § 362, operates to toll or suspend the running of the redemption period: *In Re Jenkins,* 19 B.R. 105 (D.C.D.Colo.1982); *In Re Jones,* 20 B.R. 988 (Bkrtcy.E.D.Pa.1982); *In Re H & W Enterprises, Inc.,* 19 B.R. 582 (Bkrtcy.N.D.Iowa 1982); *In Re Sapphire Investments,* 19

by another United States District Court, the effect of such an affirmance would be to grant the trustee an indefinite time to redeem the property. *Bank of Commonwealth v. Bevan,* 13 B.R. at 992. While such a stay would fit within the policy of broad debtor protection asserted in the legislative history of section 362, the Code contains another provision which specifically relates to the extension of time periods. The applicable subparagraph of this section provides as follows:

(b) Except as provided in subsection (a) of this section, if applicable law, an order entered in a proceeding, or an agreement fixes a period within which the debtor or an individual protected under section 1301 of this title may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may file, cure, or perform, as the case may be, before the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; and

(2) 60 days after the order for relief.

11 U.S.C. § 108(b).

■ It is the opinion of this court that section 108 and not section 362 governs the tolling or suspension of a statutory redemption period. Section 108(b) provides sufficient debtor protection by giving the trustee or debtor in possession a minimum amount of time in which to act. Further, where one section of the Bankruptcy Code specifically governs an issue, another section should not be interpreted to cause an irreconcilable conflict. *Richards v. United States,* 396 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492 (1961); *In Re Ecklund & Swedlund Dev. Corp.,* 17 B.R. 451, 455 (Bkrtcy.D.Minn.

1981). As a result section 362(a) did not operate to toll the running of time provided by the North Dakota statute. The time provided by section 108 for extension under the circumstances of this case is the end of the one year redemption period, including any suspension that has occurred on or after the filing of the Chapter 11 Petition. At the time the Martinsons filed their complaint seeking a temporary and permanent order restraining First National from obtaining a Sheriff's Deed to the property, exactly 75 days remained in the period of redemption (from December 4, 1981 to February 17, 1982). Therefore, the trustee has exactly 75 days from the date of this order in which to redeem the property, or until March 28, 1983.

■ However, the Oakes Farming Association is not given an extension of time within which to redeem the property from First National by either section 362 or section 108 of the Bankruptcy Code. The provisions of the Code only apply to acts against the debtor or against property of the bankruptcy estate, which, according to section 541, includes all legal or equitable interests of *the debtor* in property as of the filing of the bankruptcy petition. 11 U.S.C. § 541. Any attempt on the part of the Oakes Farming Association to redeem the property from First National would not be an act against the debtor or affect the debtor's right to redeem. It would merely affect First National's status as a purchaser of the property foreclosed upon. A redemption by Oakes Farming Association would affect the rights of two of the debtors' creditors, not the debtor. Therefore, Oakes Farming Association's right to redeem was not barred by 11 U.S.C. § 362.

Likewise the extension of time provision provided by section 108 of the Code is not available to Oakes Farming Association. Section 108(a) and 108(b) permit the trustee

B.R. 492, 9 B.C.D. (CRR) 217 (Bkrtcy.D.Ariz. 1982); *Matter of Dohm,* 14 B.R. 701 (Bkrtcy.N. D.Ill.1981); *In Re Johnson,* 8 B.R. 371 (Bkrtcy. D.Minn.1981). The following courts have held that section 362 does not toll or suspend the running of the redemption period: *Bank of Commonwealth v. Bevan,* 13 B.R. 989 (E.D.

Mich.1981); *In Re Murphy,* 22 B.R. 663, 9 B.C.D. (CRR) 718 (Bkrtcy.Colo.1982); *Matter of Construction Leasing and Investment Corp.,* 20 B.R. 546 (Bkrtcy.M.D.Fla.1982); *In Re Ecklund & Sevedlund Development Corp.,* 17 B.R. 451 (Bkrtcy.D.Minn.1981).

an extension of time in which to act. While section 108(c) applies to persons other than the trustee, it is applicable only to the "commencing or continuing of a civil action in a court other than a bankruptcy court on a claim against the debtor. . . ." 11 U.S.C. § 108(c). Therefore, the period within which Oakes Farming Association could have redeemed the property expired on February 17, 1982. Oakes Farming Association having failed to redeem before this date is now foreclosed from doing so.

■ Additionally, this is not the type of case where it is appropriate for the debtor or a creditor to invoke the equitable powers of the bankruptcy court. Section 105(a) of the Bankruptcy Code provides that "[t]he bankruptcy court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). However, the equitable power of a bankruptcy court to expand upon a time limitation created by state law is very limited. *In Re Headley,* 13 B.R. 295, 297 (Bkrtcy.D.Colo.1981). Cases invoking equitable principles and relief generally involve situations where fraud, mistake, agreement, or erroneous conduct on the part of the foreclosing officer are found. *Id.* (citation omitted). "From this authority we can reason that equity is available to protect property rights of the innocent debtor from the wrongful acts of other persons, however, equity does not extend to situations in which the debtor is simply unable to make the required payment within the prescribed time." *Id. See also In Re James,* 20 B.R. 145, 150 (Bkrtcy.E.D.Mich.1982); *In Re New Town Mall,* 17 B.R. 326, 329 (Bkrtcy.D. S.D.1982). By seeking to invoke the equity jurisdiction of the bankruptcy court and expand upon the twelve month statutory redemption period, the Martinsons and the Oakes Farming Association are attempting to expand upon the debtors property rights by permitting them to use, possess and benefit from the property in excess of those benefits provided under state law. Because First National is guilty of no wrongdoing which adversely affected the property right held by the Martinsons or Oakes Farming Association, this is not a case requiring that the right be expanded.

■ The Martinsons additionally argue that whether or not the automatic stay provision applies to the running of the statutory redemption period, it most surely applies to the issuance of a sheriff's deed transferring legal title from them to First National. The act of a purchaser at an execution sale in seeking a sheriff's deed at the end of the statutory redemption period is not, in the opinion of this court, the type of enforcement of lien rights prohibited under § 362. Section 362 is intended to preserve the estate's rights in property. In this case those rights are only the right to redeem and the rights to possession, rents, use and benefit of the property *during the period of redemption.* Under North Dakota law the expiration of the redemption period passed beneficial ownership to the purchaser with the result that the right to redeem was terminated and such "property of the estate" ceased to exist. The sheriff is required to issue the deed at the end of the statutory redemption period to the purchaser at the execution sale if the property has not been redeemed. N.D.Cent.Code § 28–24–13. The issuance of this deed is merely a ministerial act required to complete the formal transfer of legal title. *State v. Herman,* 36 N.D. at 179, 161 N.W. at 1019. The issuance of the sheriff's deed does not remove property from the bankruptcy estate. Once the redemption period expires the estate has no right to the possession, rents, use or benefits from the property. Additionally, the real property itself is not an asset of the bankruptcy estate. 4 *Collier on Bankruptcy* ¶ 541.07[3] at 541–30 (15th ed. 1982).

The interests of the bankruptcy estate in the land sold to First National terminate by the mere passage of time. At the time the Martinsons Chapter 11 Petition was filed, exactly four months remained of the twelve month statutory redemption period. The purpose of the Bankruptcy Code is to protect and preserve property for the benefit of the estate, not to enlarge existing rights.

The rehabilitative chapters of the Bankruptcy Code are not available to the debtor who waits until after an execution or foreclosure sale to file its bankruptcy petition.

IT IS ORDERED the decision of the bankruptcy court is reversed and its order of March 12, 1982 holding that 11 U.S.C. § 362(a) operates to suspend or toll the running of the redemption period in the mortgage foreclosure proceeding is vacated.

IT IS FURTHER ORDERED that the debtor in possession has until March 28, 1983 in which to redeem from the February 17, 1981 foreclosure sale of the following described land in Township 169, Range 62, Dickey County, North Dakota: the North One-half of Section 23; the Northeast Quarter of Section 22, and the Southeast Quarter of Section 23.

IT IS FURTHER ORDERED if the debtor has not redeemed by March 28, 1983, a sheriff's deed to the above described property shall be issued to the First National Bank of Oakes.

IT IS FURTHER ORDERED the right of the Oakes Farming Association to redeem from the February 17, 1981 foreclosure sale of the above described property expired on February 17, 1982.