(86 N. W. Rep. 718.)

---

GEORGE E. NICHOLS *vs.* ANNIE TINGSTAD, *et al.*

Opinion filed June 16, 1901.

**Mortgages—Foreclosure—Law in Force at Time Mortgage was Given Controls.**

> The defendant T. mortgaged land owned by him in 1899 to the Farmers' Trust Company, and subsequently, in the same year, gave a second mortgage on the same land to the Huber Manufacturing Company, which was assigned to plaintiff. Both mortgages contained powers of sale. The assignee of the Farmers' Trust Company mortgage foreclosed it by advertisement under a power of sale in 1895, which foreclosure was regular in all respects. There was no redemption from the sale under such foreclosure within a year from such sale, and a sheriff's deed was executed and delivered to the assignee of the purchaser under such sale in August, 1896. *Held*, that the rights of the mortgagor, mortgagee, and purchaser under such foreclosure sale, as well as the rights of subsequent incumbrancers, are to be determined by the provisions of Comp. Laws 1887, in force at the time the mortgages were given.

**Redemption by Second Mortgagee Within Year.**

> Neither the second mortgagee nor its assignee could redeem from the sale under such foreclosure under such first mortgage as a matter of right, unless such redemption was made within a year from such sale.

**Action to Reclaim After Time.**

That an action to redeem from such sale under such first fore-closure cannot now be maintained as a matter of right, under such Compiled Laws, as no equitable grounds exist in favor of such right to redeem.

**Rights of Purchaser at Foreclosure Under His Deed.**

That. under section 5437 of the Comp. Laws of 1887 a sheriff's deed to a purchaser under a valid foreclosure and sale conveys to such pur-chaser all the right, title, and interest which the mortgagor had in such lands at the date of the execution and delivery of such mort-gage, free from any rights or liens under subsequent incumbrances.

**Mortgagee Under Second Mortgage Charged with Notice.**

That the mortgagor and subsequent mortgagee or incumbrancers of the property mortgaged are deemed in law parties to a foreclosure proceeding by advertisement under a power of sale, and are bound by such foreclosure, the same as though they were made parties, and served with process, in an action for the foreclosure of such mort-gage.

**Second Mortgagee is an "Assign" Within Statute.**

That under a foreclosure under a power of sale under such laws a junior mortgagee is entitled to the surplus in the hands of the person making the sale, after satisfying the mortgage foreclosed on under section 5424, Comp. Laws 1887, providing that such surplus shall be paid to the "mortgagor, his legal representatives or assigns,", a junior mortgage being included in the word "assigns."

Appeal from District Court, Cass County; *Pollock, J.*

Action by George E. Nichols against Annie Tingstad and others. From a judgment in favor of defendants. Plaintiff appeals.
Affirmed.

*Newton & Smith,* for appellants.

The sale and right of redemption under the power given in the mortgage contract is governed by the law in force at the time the mortgage is made, and at the time of the foreclosure, and so all the rights of the parties of such foreclosure sale must be determined. *Smith* v. *Greene,* 41 Fed. Rep. 455. The deed on foreclosure trans-fers only such estate or interest in the mortgaged property as the mortgagor had at the time of the execution of the mortgage or has acquired up to the time of the foreclosure. *McMillan* v. *Richards,* 9 Cal. 365, 70 Am. Dec. 655; *Trimm* v. *Marsh,* 54 N. Y. 599. The equity of redemption is a distinct estate from that which is vested in the mortgagee before or after condition broken. It is descendible, devisable and alienable like other interests in real property. *Clark* v. *Reyburn,* 8 Wall. 318, 324, 19 L. Ed. 354. The mortgagee has only a chattel interest. *Gardner* v. *Heartt,* 3 Denio 233; *Astor* v. *Hoyt,* 3 Wend. 603; *Runyan* v. *Mersereau,* 11 Johns. 554. The deed speaks from the time of its execution; and the time referred to in the statute is the time when the deed upon foreclosure by action is made and no other time. If the deed was intended to speak from the

'date of the mortgage the statutes should have so specified. *Packer v. Ry. Co.,* 17 N. Y. 283, 298. The same rule applies to a master's sale, where the lien holders subsequent to the mortgage are not made parties, which applied to a sale upon foreclosure by advertisement under the Revised Statutes, and before provision was made for serving notice upon lien holders. *Rector v. Mack,* 93 N. Y. 492. In a foreclosure by action it is not the deed that divests the subsequent lien holders, but it is the judgment or decree. *Laverty v. Moore,* 32 Barb. 347; *Laverty v. Moore,* 33 N. Y. 658; *Tallman v. Ely,* 6 Wis. 244; *Craig v. Herzman,* 81 N. W. Rep. 288. The deed given upon a foreclosure by action is a complete bar against both the mortgagor and mortgagee as they are necessary parties—no other parties unless made defendants, but only as provided in the decree or judgment. *Newark Lime Co. v. Morrison,* 13 N. J. Eq. 133; *Laird-Norton Co. v. Herker,* 62 N. W. Rep. 104. A statutory foreclosure after the death of a mortgagor divests the interests of his heirs and persons claiming under them. *Reilly v. Philips,* 57 N. W. Rep. 780. The foreclosure by advertisement before the Rev. Codes of 1895 went into effect, was a limited foreclosure. It only foreclosed the mortgagor and his heirs, and persons claiming under such heirs. *American etc. Co. v. Ry. Co.,* 99 Fed. Rep. 313; *Vroom v. Ditnas,* 4 Paige Ch. 526; 3 Co-op. Ed. 545 & note; *Benedict v. Gilman,* 4 Paige, Ch. 58; 3 Co-op. Ed. 340 & note; *Carpenter v. Brenham,* 40 Cal. 221. A subsequent lien holder when he comes to redeem must pay, or if he brings an action to be permitted to redeem, must offer to pay the entire mortgage debt and interest, but not the costs, of a previous statutory foreclosure. *Bunce v. West,* 17 N. W. Rep. 179; *Gage v. Brewster,* 31 N. Y. 218; 2 Jones on Mtgs., § 1075; *Martin v. Fudley,* 23 Minn. 13; *Bruce v. Tilson,* 25 N. Y. 194; *Vanderkemp v. Shelton,* 11 Paige Ch. 28; 5 Co-op. Ed. 45; *Spurgin v. Adamson,* 18 N. W. Rep. 293.

*John E. Greene,* for respondent.

Where a first mortgage upon real estate has been regularly foreclosed by advertisement, the right of redemption of the second mortgagee is barred after the expiration of one year from the date of sale. § § 5411 to 5429, Comp. Laws; *Hokanson v. Gunderson,* 56 N. W. Rep. 172; Wiltsie on Mortg. Foreclosure, 812.

MORGAN, J. This action was brought by the plaintiff to foreclose a mortgage on real estate given by the defendant John E. Tingstad to the Huber Manufacturing Company on November 21, 1889, and by it assigned to the plaintiff before the commencement of this suit. The complaint states the following facts, in substance: That on October 31, 1889, the said John E. Tingstad was a single person, and the owner of the land described in the mortgage attempted to be foreclosed in this action; that on said October 31, 1889, he executed and delivered to the Farmers' Trust Company his mortgage on said lands to secure the payment of $1,035, which said mortgage contained a power of sale duly authorizing said mortgagee to foreclose

said mortgage by a sale of the lands mortgaged, as provided by statute, in case of a default in the conditions of said mortgage; that said mortgage was duly assigned to one S. W. Landon on January 23, 1890, and was duly and regularly foreclosed by said Landon by advertisement under such power of sale on August 24 1895, and the premises mortgaged were on that day bid in and purchased at the sale under such foreclosure by one George H. Hollister, who received from the sheriff making the sale a certificate of sale of such premises in the form provided by law; that said Hollister duly assigned such sheriff's certificate of sale to the defendant John B. Lockhart on August 24, 1896; that there was no redemption from such sale by the defendant Tingstad, or any other person, during the year provided by law for such redemption, or at any other time; that on August 27, 1896, the sheriff of Cass county executed and delivered to said Lockhart a sheriff's deed of such premises, which deed was duly recorded in the office of the Register of Deeds of Cass county on August 29, 1896; that on said day the said Lockhart made and executed a warranty deed of said premises to the defendant Annie Tingstad, who, with her husband, John E. Tingstad, has been in possession of the same ever since said date. The complaint also sets forth other facts usually set forth in complaints for the foreclosure of mortgages, which it is not necessary to set forth here, and demands judgment for the foreclosure of such mortgage, and prays that an accounting be had of the rents and profits of said land as against the defendants in possession, and prays to be allowed to redeem from the foreclosure and sale under the Farmers' Trust Company mortgage, and offers to pay any sum found due upon the Farmers' Trust Company mortgage. The defendants John B. Lockhart, Annie Tingstad, and George G. French have appeared in the action, and demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action as against said defendants, each defendant raising the same question by such demurrer. The plaintiff has appealed to this court from the order sustaining such demurrer.

No question is raised in this court as to the regularity of the foreclosure under the Farmers' Trust Company mortgage, but it is conceded by the plaintiff that such foreclosure was regular in all respects. It will be seen that the mortgage in suit and the Farmers' Trust Company mortgage were executed and delivered while the Comp. Laws of 1887 were in force, and that the foreclosure of the Farmers' Trust Company mortgage was made while such Compiled Laws were in force. The question to be determined on this appeal must be determined from a construction of the provisions of such Compiled Laws relating to the rights of mortgagees under their mortgages, both before and after deeds have been issued upon foreclosures thereof. The precise question involved in the issue raised by the demurrer of the defendants is whether, under Comp. Laws of 1887, a junior mortgagee has the right to redeem from a foreclosure of a prior mortgage made under a power of sale contained

in such prior mortgage after one year has elapsed from the day of sale under such foreclosure of such prior mortgage, and after a deed has been issued to a purchaser under such foreclosure sale. In other words, did the Comp. Laws of 1887 give to a second or junior mortgagee the right to redeem from a foreclosure and sale under a power of sale in a first mortgage, after one year had elapsed from such sale, and a sheriff's deed had been delivered to the purchaser under such foreclosure,—such foreclosure being regular in every respect,—and no equitable grounds existing or urged in favor of such demand or claim to be allowed to redeem. The plaintiff broadly contends that a second mortgagee had such a right under such laws. To determine that question, reference must be made to the several provisions of the Comp. Laws of 1887 relating to foreclosure of real estate mortgages by advertisement under a power of sale contained therein. In referring to prior mortgages in this case, we refer to mortgages that are prior in fact and prior of record. Section 5420, Comp. Laws of 1887, provides what a certificate of sale of real estate sold under a power of sale contained in a mortgage shall contain, and provides that the officer or person making the sale shall file such certificate of sale in the office of the register of deeds, and that such certificate may be recorded in the office of the register of deeds as provided in case of a certificate of sale of real property sold under execution, "and shall have the same validity and force." A certificate of sale of real property under a power of sale contained in a mortgage has by this section, the same force and validity as a certificate of sale of real property sold under an execution. Section 5148 provides what force and validity is attached to such a certificate of sale of real estate under execution as follows: "Upon a sale of real property the purchaser is substituted to and acquires all the right, title, interest and claim of the judgment debtor thereto." Under this section a purchaser under a sale of real estate under execution acquires by virtue of the certificate of sale all the interest of the judgment debtor in the lands sold at the time that the judgment was docketed in the proper county and became a lien on said lands. The interest sold on such a sale is not his interest at the time of the sale, but the judgment debtor's interest in the lands at the time the lien of the judgment attached. Section 5428 provides as follows: "A record of the affidavits aforesaid, and a deed executed upon a sale of the real property, shall vest in the purchaser or person acquiring title thereto by redemption or otherwise, the same force and validity as the deed upon foreclosure by action provided in § 5437 of this Code." Section 5437 reads as follows: "Whenever any real property shall be sold under an order, decree or judgment of foreclosure, under the provisions of this chapter, the officer or other person making the sale must give to the purchaser a certificate of sale, as provided by § 5420; and at the time of the expiration of the time for the redemption of such mortgaged premises, if the same be not redeemed, the person or officer making the sale * * * must make to the purchaser

\* \* \* a deed or deeds to such premises which shall vest in the purchaser \* \* \* the same estate that was vested in the mortgagor at the time of the execution and delivery of the mortgage, or at any other time thereafter; and such deed shall be as valid as if executed by the mortgagor and mortgagee and shall be a complete bar against each of them, and against all the parties to the action in which the judgment for such sale was rendered," etc. Construing these two sections last mentioned together, it is beyond question that the deed issued by the officer or person making a sale under a mortgage containing a power of sale has the same force and validity and effect as a deed issued by the person making a sale under a foreclosure by action. What, then, is the effect of a deed under foreclosure by action, so far as persons acquiring liens on the premises between the date of the mortgage and the decree are concerned? If such subsequent incumbrancers are made parties to the foreclosure suit, their rights are determined by such action, and, their rights are foreclosed and barred by such action, excepting the right to redeem within one year after the sale. If they are not made parties, their rights are not foreclosed nor barred by such action. But we think that the rights of such subsequent incumbrancers under foreclosures by advertisement under a power of sale are determined by the first portion of said § 5437, and determined adversely to the contentions of the appellant. The effect of a deed thus given upon a foreclosure by advertisement under a power of sale is declared in this section to vest in the purchaser the same estate that was vested in the mortgagor at the time of the execution and delivery of the mortgage, or at any time thereafter. The meaning of this sentence seems so plain and evident that nothing can be added to it or suggested that will make it clearer. If the deed vests the purchaser with all the interest of the mortgagor at the date of the execution and delivery of the mortgage, it then necessarily, follows that the interest or liens of subsequent mortgagors or incumbrancers are cut off and barred by the foreclosure, subject to the right of redemption within the time fixed by law. To limit the first part of § 5437 by a construction that the deed would vest in the purchaser the interest of the mortgagor at the time of the sale only, would be to disregard the language used, and substitute therefor other words of entirely different meaning. In this case the mortgagor, John E. Tingstad, is alleged to have been the owner of the land mortgaged on October 31, 1889, the date of the mortgage which was foreclosed. This was before the mortgage now owned by the plaintiff had been executed. Under the express language of said § 5437, the purchaser at the mortgage sale of August 24, 1895, acquired the same estate that was vested in the mortgagor on October 31, 1889, and no more; and that estate of the mortgagor was foreclosed, provided that no redemption followed the sale during the year. If the mortgagor's estate in said lands on October 31, 1889, was that of absolute ownership, then a deed under such a foreclosure would convey

to the purchaser an absolute ownership. If the mortgagor's estate in the lands on October 31, 1889, was a conditional or subordinate one, then the deed to the purchaser would convey to him such an estate as he had at the time of executing the mortgage only. The word "estate," as used in this section, means the mortgagor's right, title, and interest in the lands at the time of executing the mortgage. Let us suppose that the mortgagor, Tingstad, had sold this land after he gave the Farmers' Trust Company mortgage, and thus conveyed away all his interest in the land before the foreclosure. At the date of the sale under the foreclosure he would then have no interest in the land and if the interest acquired under a sheriff's deed is only the interest of the mortgagor at the time of the sale, then the purchaser would acquire no interest or estate at such sale, nor by virtue of a sheriff's deed based on such sale. Such cannot be the construction intended for this section. The deed relates back to the inception of the lien of the mortgage, and becomes operative as of the date of the mortgage.

In foreclosures by action none are affected by the decree except such persons as are made parties, and are served with process. But in foreclosures under powers of sale pursuant to published notice all persons acquiring interest in the land subsequently to the giving of the mortgage foreclosed are deemed in law parties to the foreclosure proceedings, and are bound thereby to the same extent as those persons who are made parties to a foreclosure action are bound by the decree. "When a regular sale is made under a power contained in the instrument, not only the mortgagor, but all persons claiming any interest in the equity of redemption by privity of estate with him, are considered as parties to the proceeding, and are precluded by it as fully as if they had been made parties defendant by regular subpoena in an ordinary foreclosure suit." *Powers* v. *Andrews,* (Ala.) 4 South. 263. As bearing somewhat on the question involved, this language of the Supreme Court of Minnesota in *Hokanson* v. *Gunderson,* 56 N. W. 172, is here quoted. "The purchaser succeeds to the equitable interest of the mortgagee, and, when no redemption is made, this interest draws to it the subordinate legal title of the mortgagor, and his title then stands under the mortgagee precisely as if the mortgage had been an absolute conveyance at its date; in other words, the mortgage ripens into a perfect title through the process of foreclosure. The purchaser is then only concerned with the state of the title at the date of the mortgage and the existence of liens affecting the rights of the mortgagee."

It is claimed that a foreclosure by advertisement under a power of sale contained in a mortgage, not followed by a redemption within the year allowed for a redemption, is effectual as a foreclosure of the senior mortgagee's lien only, and does not bar the rights of subsequent mortgagees, for the reason that § 5424 provides for the payment of any surplus remaining in the hands of the officer or person making the sale, after satisfying the mortgage, to the "mort-

gagor, his legal representatives or assigns." The claim that such surplus shall necessarily be paid to the mortgagor in place of a junior mortgagee cannot be sustained. The mortgagor, having executed a second mortgage upon the premises involved in this case after executing the Farmers' Trust Company mortgage, is deemed in law to have assigned such surplus to the second mortgagee, if there had been any. The word "assigns" is of sufficiently broad meaning, as defined by the authorities, to include a second mortgagee under such circumstances. *Nopson* v. *Horton,* 20 Minn. 268 (Gill. 239). "In the contemplation of equity, by the sale of the whole estate under foreclosure proceedings affecting and binding the junior mortgagee the land is converted into money, and, this fund being treated as a substitute for the mortgaged estate, the lien of the junior mortgage is transferred from the land to the surplus of the money arising from the sale. The rights of the parties as they before existed are not transposed by the sale, and the court will apply the fund in accordance with their rights as they existed in respect to the land." This principle is sustained by the following authorities: Jones, Mortg. § 1935; *DeWolf* v. *Murphy,* 11 R. I. 630; Douglass' Appeal, 48 Pa. 223; *Fowler* v. *Johnson,* 26 Minn. 338, 3 N. W. 986, 6 N. W .486; *Brown* v. *Association,* 34 Minn. 545, 26 N. W. 907; *C. Aultman & Co. v. Siglinger,* (S. D.), 50 N. W. 911.

It is further contended by the appellant that § 5411, Comp. Laws, conclusively shows that a junior mortgagee has the right to redeem from a foreclosure sale under a prior mortgage after the lapse of one year from the date of sale. This section gives to the mortgagor, upon a proper showing by affidavit, a speedy remedy to restrain the sale in case he has any defense or counterclaim to the mortgage then being foreclosed, and transfer all proceedings under such foreclosure to the District Court, where such alleged defense or counterclaim may be litigated the same as though an action had been commenced for the foreclosure of the mortgage. This section does not in any way affect or change any rights which a subsequent mortgagee may have had prior to the enactment of this section. It leaves his rights just as they were before its enactment. A junior mortgagee may still resort to a court of equity for any redress to which he was entitled before the enactment of this section in case of fraudulent conduct on the part of the prior mortgagee and the mortgagor detrimental to his interests under his mortgage, and may apply to the court for relief upon any other equitable grounds. And, in case judgment of foreclosure is rendered on the prior mortgage, his rights are again protected by his right to redeem from such judgment or sale. The provisions of § 5421, Comp. Laws, in our judgment, conclusively negative the right of subsequent mortgagees to redeem from a sale under a power contained in a mortgage after one year has elapsed from such sale. That section gives a creditor having a lien by judgment or mortgage the right to redeem from a

prior sale under a prior mortgage within one year from the day of sale under such prior mortgage. This limits the time of redemption to one year. When this statute prescribes that a subsequent mortgagee may redeem from a prior sale within one year, it would be ignoring its plain meaning to say that redemption might be made after one year had elapsed from the sale. When a statute prescribes the conditions under which the privilege of redemption from a valid foreclosure sale may be exercised, these conditions must be performed in the manner and within the time prescribed, or the privilege is lost. So far as the naked right to redeem from a valid foreclosure is concerned, independent of an action to redeem, based upon equitable considerations, the rule stated is without exception, as statutes permitting exemptions must be strictly followed to secure this privilege. Wilts. Mortg. Forec. § 1082; *Powers* v. *Andrews,* supra. We therefore hold that neither the plaintiff nor his assignor had the right to redeem from the foreclosure sale under the Farmers' Trust Company mortgage after one year from such sale, and that the District Court did not err, so far as this question is raised, in sustaining the demurrer. Careful consideration has been given to the authorities cited by the appellant. None of them are based on statutory provision such as are contained in the Compiled Laws of 1887. This is especially true as to the case of *American Loan & Trust Co.* v. *Atlanta Electric R. Co.,* (C. C.) 99 Fed. 313, principally relied upon by the appellant. The statutes of Georgia, on which that decision is based, are so radically different from the Compiled Laws of 1887, so far as redemption is concerned, that the decision throws no light on the question involved here.

The District Court ordered that the action be dismissed as to all the defendants. This should not have been done so far as the defendant John E. Tingstad is concerned, as a personal judgment may be obtainable against him for the debt set forth in the complaint. No judgment has been entered, however, and, as such order dismissing the action as to said defendant was undoubtedly a clerical inadvertence, it does not require a reversal of the order, as the main question involved and decided in this court and in the court below arose upon the demurrer. The mistake in the order can be hereafter corrected without any prejudice to any of the parties.

The District Court also ordered the plaintiff to pay $10 as costs of hearing on the argument of the demurrer, payment of the same to abide the final disposition of the case. If this was erroneous, and this item of costs is insisted on hereafter, it can be corrected when the costs are finally adjusted. The order sustaining the demurrer is affirmed. All concur.