RIST, Appellant, v. ANDERSEN, et al, Respondents

(19 N. W.2d 833.)

(File No. 8768. Opinion filed September 12, 1945.)

Rehearing Denied Oct. 19, 1945.

**Bielski ,Elliot & McQuillen** and **Owen T. Lewis,** of Sioux Falls, and **Alfred N. Strand,** of Centerville, for Appellant.

**Alan Bogue,** of Vermillion, and **Davenport, Evans & Hurwitz,** of Sioux Falls, for Peder A. Andersen et al., Respondents.

**Eugene C. Mahoney,** of Sioux Falls, and **Clair L. Kintz** and **Otto A. Gruhn,** both of Omaha, Neb., for Federal Farm Corporation, Respondent.

ROBERTS, J. The controversy in this action relates to rights of redemption from mortgage foreclosure sales. The premises in question consist of three quarter sections of land in Turner County, which for convenience are referred to by counsel as the north, middle and south quarters. The property was encumbered by several mortgages. The Federal Farm Mortgage Corporation held second mortgages on the north and south quarters and acquired by assignments the first mortgages thereon. The First National Bank of Centerville was the holder of a first mortgage on the middle quarter and this is the tract involved in Rist v. Hartvigsen et al., 70 S. D. 571, 19 N. W.2d 830, herewith decided. Subsequent to the giving of these mortgages, the owners executed a mortgage to Quincy L. Wright, describing all three tracts, which became a third mortgage on the north and south quarters and a second mortgage on the middle quarter. On May 18, 1943,

plaintiff acquired the Wright mortgage by assignment and it is stipulated that the note secured thereby "has been due for more than six years last past and as standing by itself, separate and apart from said mortgage, is now outlawed."

The Federal Farm Mortgage Corporation foreclosed its second mortgages and bid in the tracts at the foreclosure sales. These mortgages were foreclosed by action and Quincy L. Wright and other subsequent lien holders were made parties defendant. Sheriff's deeds have not issued on these tracts. On April 12, 1943, one year from the date of the foreclosure sale, mortgagors made a partial redemption on the north quarter by paying the amount necessary under the provisions of SDC 37.3010 to give mortgagors an additional two years within which to redeem the property. On April 10, 1943, and before the expiration of the period of redemption, the mortgagors and the Feleral Farm Mortgage Corporation entered into an agreement in writing extending the period within which the mortgagors might redeem from the foreclosure sale the south quarter to March 1, 1944. A second agreement extended the period of redemption to May 1, 1944. These agreements contain the following recitals: "It is further understood and agreed that nothing contained in this agreement shall be construed in any way as a waiver or surrender on the part of the party of the first part of any legal right or title accruing to it as holder of said certificate of said * * * and it is further understood and agreed that said certificate of sale and all the foreclosure proceedings leading up to said certificate are hereby confirmed, ratified and declared valid except as to extension of the time of redemption."

It will not be necessary to set out the facts at length with reference to the middle quarter. They appear in the companion case to which we have referred. Extensions of the period of redemption to March 1, 1943, as to this quarter were obtained by mortgagors under moratorium statutes. Prior to the expiration of the extended periods of redemption, sheriff's deed to this quarter was issued to Viderick Hartvigsen, assignee of the certificate of sale. The purpose of that action was to invalidate the sale proceedings or to

set aside the sheriff's deed and clear the way for the foreclosure of plaintiff's mortgage or for redemption.

The trial court held that plaintiff as a junior lien holder could not avail himself of the extensions of the period of redemption obtained by mortgagors on the north and south quarters and that plaintiff having failed to redeem from the foreclosure sales in the manner and within the time prescribed by law, no foreclosure can be had of his mortgage against the premises involved in this action.

■■■ The right of redemption is statutory, and can be exercised only within the period and in the manner prescribed by law and junior mortgagee made a party to a foreclosure of a senior mortgage cannot make redemption after the lapse of the period fixed by statute. Rist v. Hartvigsen, supra. A redemption by the mortgagor or his successor in interest terminates the effect of the sale and restores to him, free of the incumbrance of the mortgage foreclosed, his property, SDC 33.2104, and leaves the property subject to junior liens. Mortgagors did not redeem within the year, but secured extensions of the time within which redemptions could be made. They made as we have indicated the payments required under the provisions of SDC 37.3010 to extend the time within which to redeem the north quarter. This section provides that: "All real property sold upon foreclosure of mortgage by advertisement, order, judgment, or decree of court may be redeemed at any time within one year after such sale in like manner and with the same effect as provided in the statutes relating to redemption of real estate sold under the execution. * * * Provided that if at the expiration of one year from the date of sale the mortgagor or his successor in interest, or any redemptioner, shall make the following payments, viz.: (1) All taxes due upon the land; (2) all interest due on the mortgage at the date of sale; (3) interest at five per cent for one year from date of sale upon the total amount sold for; (4) interest upon the principal of the mortgage for one year in advance at the rate of interest originally provided for in the mortgage before maturity; (5) all costs of foreclosure as set forth in the sheriff's affidavit of sale; then the time of redemption shall be extended for two years." Plaintiff contends that the payments

made by mortgagors under the provisions of this section enured to the benefit of redemptioners and tolled the time within which they could redeem.

■■ In Stocker v. Puckett, 17 S. D. 267, 96 N. W. 91, the successor in interest of the judgment debtor sought to redeem from the foreclosure sale after the expiration of one year, but within the time within which a further redemption could have been made by a redemptioner. If redemptioner in that case had redeemed within a month after the sale, the judgment debtor or his successor in interest would have had a year within which to redeem. It matters not whether a redemptioner has a right to redeem after the lapse of one year from the date of sale and no sheriff's deed has issued. At the expiration of the statutory time, the right of the judgment debtor or his successor in interest to redeem ceases to exist. Such is the holding in the case cited. True, the judgment debtor or his successor in interest is not divested of title, but a redemption by a redemptioner does not toll the period of redemption fixed for him. After all periods of redemption have expired, the only question is, to whom shall sheriff's deed issue? We do not think that an analysis of the provisions of section 37.3010, supra, requires a different conclusion. Payment of the amounts thereunder by mortgagors did not terminate the effect of the sales and restore the property to mortgagors free of the foreclosed mortgage or operate to extend the period of redemption for the benefit of redemptioners.

■■ We cannot agree with counsel for plaintiff that the agreement between mortgagors and the Federal Farm Mortgage Corporation, purchaser of the mortgaged property at the foreclosure sale, extending the time for redemption of the south quarter, entitled plaintiff to redeem within the additional time. It is firmly established that parties may bind themselves by contract to extend the time of redemption. Schultz v. Citizens Inv. Co., 56, S. D. 189, 227 N. W. 883. The agreement was not made expressly for the benefit of plaintiff, it not being within the contemplation of the parties to confer any advantage upon him or his predeccessor in interest. Farmers' State Bank v. Anton, 51 N. D. 202, 199 N. W. 582. When the year expired without redemption, the right

of a junior mortgagee made a party to the foreclosure action was barred by the one year limitation.

It follows from the foregoing and the decision in Rist v. Hartvigsen et al., supra, that the judgment of the trial court was correct and it is therefore affirmed.

RUDOLPH and SICKEL, JJ., concur.

POLLEY, J., not sitting.

SMITH, Presiding Judge (dissenting).

I am unable to concur in the holding that a partial redemption by a mortgagor or "judgment debtor" under SDC 37.3010 does not. extend the period of redemption for the benefit of a "redemptioner." The statute is remedial and should receive a liberal construction. Muller v. Harrison, 46 S. D. 295, 192 N. W. 750. Therefore, I respectfully dissent.