**KULM CREDIT UNION, Plaintiff
and Respondent,**

v.

**Duane HARTER, a/k/a Duane J. Harter,
et al., Defendants,**

and

**Goebel Bros. Inc., Defendant and Appellant,**

**Duane Harter, a/k/a Duane J. Harter, and
Lisbon Implement Co., Inc., Defend-
ants and Respondents.**

**Civ. No. 8392.**

Supreme Court of North Dakota.

March 29, 1968.

Max A. Wishek, Ashley, for defendant and appellant.

Holand & Stetson, Lisbon, for defendant and respondent Lisbon Implement Company.

Kessel & Splitt, LaMoure, for plaintiff and respondent.

TEIGEN, Chief Justice (On reassignment).

This appeal involves a controversy between two defendants in a foreclosure action prosecuted by the plaintiff mortgagee who held the senior lien on the land. The controversy relates to the surplus funds after foreclosure sale.

The plaintiff, Kulm Credit Union, which is not involved in this appeal, commenced an action to foreclose a real estate mortgage upon land, which mortgage was given by the defendant Duane Harter, also not involved in the appeal. Goebel Bros. Inc., hereinafter called the appellant, and Lisbon Implement Co., Inc., hereinafter referred to as the respondent, were named and served as defendants.

The plaintiff's complaint was regular in form. It prayed that the plaintiff's mortgage be foreclosed as a paramount lien upon the land. The respondent answered the complaint and asserted that its judgment against the mortgagor, Harter, dated January 7, 1964, in the amount of $1,079.55, was superior to all other interests, claims and liens upon the land and prayed that the plaintiff's complaint be dismissed, or, in the alternative, that the priorities between the parties be established. The respondent's answer was not served upon the appellant. The appellant, which also claims an interest in the land as owner, based upon a sheriff's deed issued on special execution sale to satisfy its judgment which was prior in time to the judgment of the respondent, did not answer or appear in the foreclosure action. When the foreclosure action came on for hearing on March 30, 1965, the plaintiff filed with the court its affidavit stating that all defendants except the respondent were in default. The respondent appeared at the hearing by its attorney and introduced as proof the affidavit of its president. By this affidavit the respondent agreed that the plaintiff's mortgage was superior to the respondent's judgment lien, but alleged that the lien of the respondent was superior to all other claims, interests or liens of the defendants who were in default. The mortgagor, Duane Harter, was also in default. The affidavit of proof submitted by the respondent also contains a prayer that (1) the claims, rights, liens, equity and right of redemption of each and all of the defendants in default, be forever barred and foreclosed, except that the defendant Harter shall have the right of redemption; (2) that the judgment of foreclosure recite that the respondent's claim be declared prior to the interest claimed and liens of all defaulting defendants; and (3) that the respondent have the first right of redemption. This affidavit was not served upon the appellant.

At the hearing on March 30, 1965, the plaintiff introduced, as an exhibit, an abstract of title to the land, continued to August 18, 1964, as its proof.

On the pleadings and the proofs adduced, the trial court made its findings of fact, conclusions of law and ordered judgment of foreclosure of the plaintiff's mortgage as the paramount lien. It provided for the sale of the land by the sheriff, and in the event of surplus, directed:

"That said Sheriff shall pay from the surplus remaining, if any, after payment aforesaid, the sum of $1,079.55 plus interest on said amount at the legal rate

from January 7, 1964 to the Lisbon Implement Co., Inc., of Lisbon, North Dakota, or to its attorney by virtue of the Judgment docketed against Duane Harter, a/k/a Duane J. Harter, by said Lisbon Implement Co., Inc., on said day and in said amount and which Judgment is wholly unsatisfied and that any surplus then remaining after payment above mentioned shall be deposited with the Court to abide the further order of the Court, * * *"

The judgment entered on the court's order also provided that the defendants:

"* * * be forever barred and foreclosed from and to all equity of redemption and claim in, of and to said mortgaged premises and every part and parcel thereof, except that the owners of said real estate or the Lisbon Implement Co., Inc., [respondent] may redeem said land any time during the statutory time of redemption as provided by law."

Notice of entry of judgment was served upon the respondent, but was not served upon the appellant. The land was sold by the sheriff at special execution sale in accordance with the direction contained in the judgment. The bid exceeded the amount owing to the plaintiff on its mortgage. The sheriff paid the surplus in the amount of $1,122.97 to the respondent. This amount satisfied the respondent's judgment except for a few dollars earned interest. Thereafter the court entered its order confirming the sheriff's sale and the disbursement of the proceeds of the sale.

The sheriff's sale on mortgage foreclosure was held on June 4, 1965, and the sheriff's certificate of sale was issued June 17, 1965, and recorded on the same day. It contained the provision that the purchaser will be entitled to deed of the premises at the expiration of one year from the date of the sale, unless a redemption is effected.

On March 29, 1966, the appellant served upon the respondent, a motion to vacate and correct a part of the judgment of foreclosure based on Rule 60(b), N.D.R.Civ.P. The motion was made on the grounds of mistake and fraud. It was noticed to be heard April 6th, 1966. Thereafter, on July 13, 1966, the court entered its order denying the motion and it is from this order that the appellant has perfected the instant appeal.

By its motion the appellant seeks to have the judgment of foreclosure corrected by amending it so as to eliminate therefrom the provisions directing the sheriff to pay the surplus to the respondent and to eliminate from the judgment that part granting the respondent a right of redemption.

The appellant contends in this court, and also contended in the lower court, that it did not need to make an appearance in the foreclosure action as it did not dispute the amount or the superiority of the plaintiff's mortgage. It also contends that it was not served with the respondent's answer to the plaintiff's complaint on foreclosure and therefore had no knowledge of its claim. It contends that title to the land in question was in the appellant at the time the judgment of foreclosure was entered and that the respondent had no lien on the land; that these facts were established by the abstract of title which was filed with the court by the plaintiff in the foreclosure action and the official records; that the respondent had knowledge of these facts or could easily have obtained them from the abstract and the official record; and that by filing its affidavit of proof, had practiced a fraud upon the court. The appellant also points to Section 32–19–10, N.D.C.C., which provides:

"The proceeds of every foreclosure sale must be applied to the discharge of the debt adjudged by the court to be due and of the costs, and if there is any surplus, it must be brought into court for the use of the defendant or of the person entitled thereto, subject to the order of the court.";

and argues that even though the court may have been of the belief that the respondent had a lien on the land, that the abstract of title plainly showed that the appellant also had a lien on the land by virtue of a prior judgment which had not been satisfied and that under the statute quoted above, it was error to have directed the sheriff to pay the surplus to the respondent, but that the surplus should have been brought into court in accordance with the terms and provisions of the statute.

The respondent argues that there is a valid judgment of foreclosure which properly provided for the disposition of the surplus funds; that the appellant failed to exercise its right of appeal from this judgment within the time permitted to appeal, and has shown no excusable neglect for failure to have done so. It also argues that there was no fraud, misrepresentation, or other misconduct on the part of the respondent perpetrated upon the District Court.

The trial court, denying the motion, premised its reasons upon the failure of the appellant to answer or appear in the foreclosure action to assert the validity of the superiority of its claims and that it has not shown excusable neglect to assert its right, by answer in the foreclosure action, to the surplus funds. It also found that it has not shown good reason for its waiting almost a year to assert its claim for relief under Rule 60(b), N.D.R.Civ.P. It points out that the burden was cast upon the appellant to assert its right when the respondent answered claiming a prior lien and that for these reasons the court was not misled by fraud on the part of the respondent.

The trial court also reasons that because the appellant obtained title to the land on execution sale, that it merely owned the defendant landowner's equity of redemption, and that its judgment lien merged in the sheriff's certificate of sale, and that the sheriff's deed conveyed to the appellant the landowner's right to redeem and no more. That the appellant had no lien against the property, but only the right to redeem, but it concludes that it is not necessary for the trial court to determine what the rights of the appellant were other than to determine that it was incumbent upon the appellant to assert that right by way of answer to the foreclosure action, which it did not do.

We find that the trial court made a mistake in the judgment which it directed be entered, and that this mistake was motivated by the affidavit of proof submitted by the respondent, which was erroneous. The review of the record before the District Court, and now before this court, discloses that the defendant Duane Harter was the owner of the Southeast Quarter of Section 17, Township 132 North, Range 65. He mortgaged the property to the plaintiff, The Kulm Credit Union, in the amount of $4,000.00 on December 1, 1958. This is the mortgage which was foreclosed. It appears to be undisputed that the mortgage of The Kulm Credit Union was the paramount lien to the claims of the parties to this appeal.

On October 24, 1961, there was docketed a judgment against Harter in favor of the appellant in the amount of $2,060.50. On December 14, 1961, there was docketed another judgment against Harter, also in favor of this appellant, in the amount of $4,670.38. The respondent's judgment against Harter was not docketed until January 10, 1964. There were a number of judgments of record against Harter but, for the purpose of this appeal, we need concern ourselves only with those set forth above.

Prior to the time that the respondent's judgment was docketed, the appellant had obtained a writ of execution and caused the sheriff to levy upon the above described real estate. This levy was obtained upon the appellant's second or later judgment. The land was sold by the sheriff at special execution sale and sheriff's certificate of sale on execution was recorded December 3, 1963, in the office of the Register of Deeds. The sheriff's certificate provided

that the purchaser would be entitled to a sheriff's deed upon the expiration of one year from the date of sale unless there was a redemption. The appellant became the purchaser at the sale after bidding the amount of its judgment plus accrued interest and costs. The respondent's judgment was not docketed until January 10, 1964, which was after the sheriff's sale, but before the period of redemption had expired. There was no redemption and a sheriff's deed was issued and delivered to the appellant on December 2, 1964, and recorded in the office of the Register of Deeds on the same date. The sheriff's deed conveyed the title of the land to the appellant. Harter was no longer its owner. However, the appellant obtained title subject to prior lien of the plaintiff's mortgage. The plaintiff commenced its action to foreclose its mortgage prior to the delivery of the sheriff's deed to the appellant. This action was commenced in September, 1964. However, before judgment of foreclosure was entered, the appellant's title had ripened and it was then the record owner of the land.

The appellant was still the owner of its first judgment against Harter, which had been docketed October 24, 1961, in the amount of $2,060.50. This judgment constituted a lien upon the land which was subsequent to the plaintiff's mortgage but prior to the appellant's second judgment, under which it levied. When appellant became the purchaser of the land at the sheriff's execution sale, it acquired all the right, title and interest which the judgment debtor possessed at the time the judgment was docketed, free from any rights or liens under subsequent encumbrances but subject to the prior rights and liens and, of course, the right of redemption. Section 28–23–11, N.D.C.C.; Nichols v. Tingstad, 10 N.D. 172, 86 N.W. 694; Moore v. Lium, 80 N.W.2d 657 (N.D.).

Thus the title which the appellant acquired was subject to the prior liens of the plaintiff's (The Kulm Credit Union's) mortgage, and the appellant's first judgment.

The respondent's judgment was not docketed until after the sheriff's certificate of sale was issued and recorded, but before the sheriff's deed was issued. The recording of the sheriff's certificate of sale constituted notice to protect against intervening claims, and is deemed evidence of the facts therein recited and contained. Section 28–23–12, N.D.C.C.; North Dakota Horse & Cattle Co. v. Serumgard, 17 N.D. 466, 117 N.W. 453, 29 L.R.A.,N.S., 508.

Therefore the respondent's lien, by virtue of its judgment, could only attach to the judgment debtor's interest in the land at the time it was docketed which was the judgment debtor's right of redemption and therefore it could have redeemed. Section 28–24–01, N.D.C.C. However, there was no redemption and the sheriff's deed was executed and delivered after the time for redemption had expired, and the full beneficial ownership of Harter passed to the appellant, including legal title. Section 28–24–13, N.D.C.C.; State ex rel. Forest Lake State Bank v. Herman, 36 N.D. 177, 161 N.W. 1017. For these reasons, the respondent's right to redeem was lost. Therefore, the respondent had no lien on the land and no redemption rights when the plaintiff's judgment on foreclosure was entered as this judgment was not entered until after the sheriff's deed had issued on the execution sale.

To review, we find the respondent never acquired a lien upon the land in question by virtue of this judgment. It merely obtained a right to redeem from the special execution sale, but it permitted the time for redemption to expire without redeeming, and therefore lost its right when the sheriff's deed was issued and delivered to the appellant, who became the owner of the land. When a judgment of foreclosure was entered in favor of the plaintiff, the respondent had no lien whatsoever on the subject matter of the foreclosure and the

affidavit of proof which it filed was clearly in error. All the facts recited herein were available to the respondent, prior to the time that it executed and filed its affidavit of proof, as they were available from the public records.

The respondent, in its answer, alleges that its judgment was obtained in the District Court in and for Ransom County, North Dakota, on January 7, 1964, and was thereafter, on January 10, 1964, transcripted to Dickey County, North Dakota (the county in which the land in question is located). In its affidavit of proof, it avers:

"Affiant, for and in behalf of the answering defendant, Lisbon Implement Company, Inc., admits that the mortgage, claim and interest of the Plaintiff in this action is valid and superior to the interest and claim of the Lisbon Implement Company, Inc., but Lisbon Implement Company, Inc. specifically asserts that its claim and interest is superior to all the claims and interests of the defendants in this action who are in default. That all defendants, except Lisbon Implement Company, Inc., are in default in this action."

The appellant is one of the defendants in default referred to in this affidavit. The affidavit is correct insofar as it admits the priority of the plaintiff's mortgage. However, it was, at the time it was filed with the court, completely in error as to the assertion of the respondent's priority. The affidavit in this respect was completely false and it is apparent that the court relied upon it in directing the entry of judgment. It was the cause of the court's mistake in directing that portion of the judgment which the appellant has now moved to set aside. The affidavit of proof was submitted with the obvious intent to permit the plaintiff to enter a judgment of foreclosure and to grant rights to the respondent to which it was not entitled under the state of the record. The affidavit specifically prays, as we set forth earlier, that

the claims, rights, liens and equity and right of redemption of each and all of the defendants who are in default be forever barred and foreclosed except that of the defendant Duane Harter who should be entitled to the right of redemption. Duane Harter had no right of redemption as he had lost title to the land prior to the entry of the foreclosure judgment. The affidavit also asks that the judgment of the respondent be declared prior to the interest and claims of the defaulting defendants and that it should have the first right of redemption from the foreclosure sale.

■ The right of redemption from a mortgage foreclosure sale is a statutory right provided by Section 32–19–18, N.D. C.C. It may be exercised by the persons described in Section 28–24–01, N.D.C.C. The respondent had no interest in the land at the time of the foreclosure sale and did not qualify as a redemptioner under this statute. The right to redeem from a mortgage after a foreclosure sale being purely statutory and no such right being recognized as a matter of course under the common law (37 Am.Jur. Mortgages, Sec. 823), the respondent did not qualify as a redemptioner. Therefore, the judgment was in error wherein it allowed the respondent the right to redeem as a redemptioner.

■ The statutes also provide the manner for handling the surplus, if any, in a mortgage foreclosure sale. Section 32–19–10, N.D.C.C. This statute provides that the proceeds of every foreclosure sale must first be applied to the discharge of the debt and the costs, and, if there is a surplus, "it must be brought into court for the use of the defendant or of the person entitled thereto, subject to the order of the court." This language is mandatory. It places the surplus funds in the custody of the court and contemplates a special proceeding after the foreclosure sale is completed to dispose of these funds in accordance with the respective rights of claimants.

■ The respondent, as a judgment creditor of the defendant Harter, obtained no

lien upon the land and it follows that having no lien upon the land, it had no lien upon the surplus after the sale in the foreclosure action. It was therefore error for the court to have directed the sheriff to distribute the surplus funds to the respondent as a judgment lien holder.

We believe the trial court was led to error by reliance upon the erroneous claims of the respondent contained in its answer to the complaint of the plaintiff and in its affidavit of proof. Thus the error was grounded on mistake. Neither of these instruments were served upon this appellant. It had no notice of the respondent's claims. The respondent's answer, as modified by its affidavit of proof, attempts to formulate an issue between the respondent and the other defendants in the foreclosure action and not between the respondent and the plaintiff. The respondent, in its affidavit of proof, admitted that the plaintiff's mortgage lien was paramount but attempts to introduce a new issue upon which it seeks affirmative relief against the other defendants. However, because it failed to serve its pleading and the affidavit upon any of the defendants, issue upon this claim was not joined and the court obtained no jurisdiction of the subject matter, except as jurisdiction is imposed by statute, which provides that the surplus monies, if any, "must be brought into court." This statute imposes upon the court the duty to apply the surplus to the use of the persons entitled thereto which may require a special proceeding for that purpose.

■ We find Rule 60(b), N.D.R.Civ.P. to be sufficiently broad to include, as a cause for relief, the mistake and neglect of others. It is not confined by its language to the mistake or neglect of the injured party. The federal courts, in construing the federal rule on civil procedure 60(b), as modified in 1948, have held its rule sufficiently broad to include the mistake or neglect of others, including the court. Southern Fire Proofing Co. v. R. F. Ball Construction Co., 334 F.2d 122 (8th Cir.);

Schildhaus v. Moe, 335 F.2d 529 (2d Cir.); Gila River Ranch, Inc. v. United States, 368 F.2d 354 (9th Cir.); Rocky Mountain Tool & Machine Co. v. Tecon Corp., 371 F.2d 589 (10th Cir.); and Caraway v. Sain, 23 F.R.D. 657 (D.C.Fla.). The mistake or neglect of the court may be just as material and call for just as much supervisory jurisdiction as where the judgment is in error and against the party through his mistake or neglect.

However, the respondent contends that the appellant defaulted in the foreclosure proceeding, and that the foreclosure judgment was therefore proper. It also argued that the appellant failed to take an appeal from the foreclosure judgment and should now be precluded from urging its cause by motion as it has shown no excusable neglect for failure to have appealed from the judgment.

■ We do not agree. A defaulting owner or junior lien holder, on land, is not without protection. He has the right to redeem the mortgaged property upon payment of the mortgage debt and costs during the statutory period of redemption and he has a right to receive from the surplus proceeds of the sale, the amount, if any, in excess of the prior liens. These are statutory rights and are not foreclosed by the failure to answer in the foreclosure action. It is not within the province of the courts to enlarge or restrict these statutory rights. Rist v. Andersen, 70 S.D. 579, 19 N.W.2d 833, 161 A.L.R. 197; 59 C.J.S. Mortgages § 819f.

■ The fact that the owner or a junior lien holder defaulted in the foreclosure action does not cut off his right of redemption. In re Evergreen Memorial Park Association, 308 F.2d 65 (3d Cir.). It was also held that a defendant, even though it had defaulted in answering in the foreclosure action, was not precluded from proving its lien in surplus money proceedings. Dime Sav. Bank of Brooklyn v. Pine Drive Associates, Inc., 28 Misc.2d 648, 212 N.Y.S.2d 111; Cowan v. Stoker, 100 Utah

377, 115 P.2d 153; In re Evergreen Memorial Park Association, supra.

We believe it was clearly within the power of the court to correct its judgment when the appellant moved that it do so under the provisions of Rule 60(b), N.D.R. Civ.P. This rule is remedial in nature and we have said it should be liberally construed. Sioux Falls Construction Co. v. Dakota Flooring, 109 N.W.2d 244 (N.D.). The motion was timely made when made on the grounds of mistake and fraud, having been made within one year after the judgment was entered, and in view of the injustice which that part of the foreclosure judgment attacked invokes upon this appellant we find that the trial court abused its discretion in refusing to grant the relief prayed for.

The order appealed from is therefore reversed and the trial court directed to modify the judgment in accordance with the prayer of the appellant as contained in its motion.

STRUTZ, ERICKSTAD, KNUDSON and PAULSON, JJ., concur.