**UNITED STATES of America, Plaintiff,**

v.

**Gerald I. GERALDSON, Linda H. Geraldson and Kevin C. Geraldson, Defendants.**

**No. Civ. 94–4125.**

United States District Court,
D. South Dakota,
Southern Division.

April 11, 1995.

Steven G. Ahrendt, U.S. Attorney's Office, Sioux Falls, SD, for plaintiff.

Larry F. Hosmer, Kabeiseman, Hosmer & Kettering, Yankton, SD, for defendants.

## MEMORANDUM OPINION AND ORDER

PIERSOL, District Judge.

Plaintiff, the United States of America, moved for summary judgment in an action seeking foreclosure of a Farmers' Home Administration mortgage on land owned by Defendants, Gerald I. and Linda H. Geraldson, Docket No. 9. Defendants resist the motion, arguing that the redemption is invalid because the notice of redemption was never filed and that the lawsuit is barred by the doctrine of laches, Docket Nos. 8, 16.

### FACTS

On February 20, 1979, Defendants Gerald and Linda Geraldson [Defendants] executed a promissory note in favor of FmHA in the amount of $76,600.00. Doc. 1 at IV. The note was secured by a mortgage on property owned by Defendants in Yankton County, South Dakota. Doc. 1 at V. The Federal Land Bank held a senior lien on the property. Doc. 1 at VII. As of June 22, 1994, $75,126.99 in principal and $92,725.23 in interest remained unpaid. Doc. 1 at XVIII.

On August 1, 1986, the Federal Land Bank obtained a judgment of foreclosure against Defendants and FmHA in State court, and the property was sold to the Federal Land Bank, as highest bidder, for $26,235.71 on August 29, 1986. Doc. 1 at VII; Doc. 16 at 1.

On August 28, 1987, Defendants quitclaimed their interest in the property and assigned their right of redemption to their son, Kevin G. Geraldson [Kevin Geraldson]. Kevin redeemed the property the same day. No sheriff's deed was issued. Doc. 1 at VIII.

### RULE OF DECISION

"In any action in which the United States is a creditor, federal law applies to determine the rights of the parties to the debt." *Donovan v. U.S.*, 807 F.Supp. 560, 564 (D.S.D.1992), *aff'd sub nom, Donovan v. FmHA*, 19 F.3d 1267 (8th Cir.1994) (citing

*US v. Kimbell Foods, Inc.,* 440 U.S. 715, 126, 99 S.Ct. 1448, 1457, 59 L.Ed.2d 711 (1979)). Section 2410 of Title 28, United States Code, provides for the application of state law, "the local law of the place where the court is situated," when giving effect to the discharge of a mortgage or lien. 28 U.S.C. § 2410(c) (1994). Therefore, the issues of foreclosure and redemption are properly governed by South Dakota law. *Donovan v. FmHA,* 19 F.3d at 1268; *Donovan v. U.S.,* 807 F.Supp. at 565. However, laches is an equitable doctrine that operates to bar an entire lawsuit. *Goodman v. McDonnell Douglas Corp.,* 606 F.2d 800, 804 (8th Cir.1979). Federal law properly governs whether laches bars Plaintiff's action.

## LACHES

■ Defendants argue that the doctrine of laches should prevent foreclosure.[1] The Supreme Court has stated, "It is well settled that the United States is not ... subject to the defense of laches in enforcing its rights." *U.S. v. Summerlin,* 310 U.S. 414, 416, 60 S.Ct. 1019, 1020, 84 L.Ed. 1283 (1940). *See Bostwick Irrigation Dist. v. U.S.,* 900 F.2d 1285, 1291 (8th Cir.1990) ("[W]e have recognized the long-standing rule that laches does not apply in actions brought by the United States."); *U.S. v. Warren Brown & Sons Farms,* 868 F.Supp. 1129, 1134 (E.D.Ark. 1994) ("It is well settled that, in an action governed by federal law, the United States is immune from the defense of laches."). The present action is not barred by the doctrine of laches.

■ Defendants would also fail were the defense of laches to apply. "For the application of the doctrine of laches to bar a lawsuit, the plaintiff must be guilty of unreasonable and inexcusable delay that has resulted in prejudice to the defendant." *Goodman,* 606 F.2d at 804.

1. Defendants argue that the loan was obtained in 1979, FmHA knew of the foreclosure by the Federal Land Bank in 1986 and Kevin Geraldson's redemption in 1987, and FmHA should not have waited until June, 1994, some seven years, to foreclose. Doc. 16 at 8.

2. Section 21–52–16 provides, in part:

■ The burden of proving laches lies with Defendants. *Id.* at 806. Defendants submit that seven years is unreasonable delay and that they have been prejudiced because they have made some $10,000.00 in improvements to the property, made "lifetime plans for the use of the crops received" from the property, arranged to transfer the property upon death, planned to retire on the property, and, due to their both being 53, will be unable to reformulate those plans "prior to their being too old to work." Doc. 16 at 8 & Exhibit "Geraldson Affidavit." I find that Defendants are not unduly prejudiced by the delay. Defendants have had use of the property during the seven years between redemption and the present foreclosure action; $10,000.00 is not an excessive amount to spend on improvements in seven years; and plans for one's retirement and death must be made and revised periodically to accommodate the vagaries of life.

## FAILURE TO FILE NOTICE OF REDEMPTION

Defendants argue that the redemption by Kevin Geraldson on August 28, 1987, is invalid because the notice of redemption was never filed as required by S.D.C.L. § 21–52–16 (1987).[2] Defendants submit that although the redemption is technically void, the Federal Land Bank's mortgage was satisfied by foreclosure sale and payment of the monies owed by redemption. Defendants propose that the Court order a Sheriff's deed prepared in favor of the Federal Land Bank as purchaser at the foreclosure sale, and further propose the Court order the Bank to quitclaim their interest in Defendants' property to Defendants because the mortgage has been satisfied. Doc. 16 at 10.

First at issue is whether Kevin Geraldson's redemption is invalid due to the failure to file

A redemptioner must serve upon the purchaser ... a written notice of redemption.... A duplicate of the notice of redemption with proof of the required service shall be forthwith filed for record with the register of deeds of the county in which the foreclosure or judicial sale is pending, which officer shall record the same.
S.D.C.L. § 21–52–16 (1987).

the notice of redemption.[3] Defendants argue that the requirement of filing is mandatory[4] and that notice to third parties is "essential to the validity of redemption." Doc. 16 at 5–6. Defendants posit that failure to strictly adhere to the statutory requirements invalidates the redemption.

The purpose of recordation statutes is to provide notice to third parties:

Since recording is required for the protection of third parties, the recording statutes do not change the rule that an unrecorded deed, mortgage, lease, or other instrument affecting the title to land is valid as between the parties thereto and their heirs, and those claiming under the grantee, and against everyone else who is not within the protection of the recording acts . . . .

Persons protected ordinarily against a failure to record include . . . persons with any and all kinds of rights, *except the parties thereto and those having notice.*

66 Am.Jur.2d *Records and Recording Laws* § 157 (1973). In a case decided under the former law regarding redemption, the South Dakota Supreme Court wrote, "But under this statute the redemption and the filing of the notice of redemption are distinct acts . . . . The failure to file the notice of redemption does not render the redemption itself irregular or illegal." *Spackman v. Gross,* 25 S.D. 244, 126 N.W. 389, 393 (1910). Filing, while required by S.D.C.L. § 21–52–16, is not essential to the act of redemption itself. I find that the filing of notice of redemption is directory in nature and that failure to comply with the statute does not invalidate the redemption itself.

Furthermore, in the instant case, it appears from the record that all parties had notice of the redemption. Kevin Geraldson and Defendants were parties to the redemption—Defendants through their assignment of the right of redemption and Kevin as redemptioner. FmHA's records indicate that the agency had actual notice of the redemption. There are no third parties involved in the present foreclosure who have been harmed by the failure to receive notice of the redemption.

Finally, it is the duty of the redemptioner to file the notice of redemption.[5] S.D.C.L. § 21–52–16. As stated in *Spackman,* "The notice to be filed by a redemptioner is for the benefit of the person filing it . . . ." 126 N.W. at 393. Kevin Geraldson was the redemptioner. He may not now, as a defense to foreclosure, claim the benefit of his own failure to comply with the statute. *Earle R. Hanson & Assoc. v. Farmers Coop. Creamery Co.,* 403 F.2d 65, 70 (8th Cir.1968) ("One who seeks equitable relief must approach the court with clean hands. He will not be allowed to profit from his own wrongdoing.").

Due to the nature of the recordation statutes and the fact that all parties had actual notice of the redemption, I find the statute directory in nature rather than mandatory

---

**3.** Defendants argue that a factual dispute exists regarding whether the notice of redemption was ever filed. Doc. 16 at 9. Defendants have submitted to the Court the affidavit of Lynette Larson, the Yankton County Register of Deeds, stating that no notice of redemption has been filed for the property which is the subject of foreclosure since 1986. Doc. 16, Exhibit Larson Affidavit. Plaintiff's Exhibits, copies of the quitclaim deed and Assignment of Redemption Rights, both bear filing stamps from the Register of Deeds Office, dated August 28, 1987. Doc. 11 at Exhibits A & B. The Notice of Redemption submitted by Plaintiff bears no filing stamp. *Id.* at Exhibit D. The government has also submitted the affidavit of Chip Horton, FmHA supervisor, which states that, according to FmHA records, a notice of redemption was hand delivered to the Register of Deeds on August 28, 1987. Doc. 11 at ¶ 9. The positions are not inconsistent: a notice could have been delivered but never filed. There is no genuine dispute regarding the fact that there is no notice of redemption recorded.

**4.** Defendants cite *Application of Megan* for the distinction between mandatory statutes—those "relating to the essence of the thing done"—and directory statutes—those "given merely with a view to the proper, orderly, and prompt conduct of business." 69 S.D. 1, 5 N.W.2d 729, 733 (1942).

**5.** Defendants admit in their brief that "If a copy of the Notice of Redemption was in fact hand delivered to those officials [the Sheriff, Clerk of Courts and Register of Deeds], it was done by the redemptioner or his attorney . . . ." Doc. 16 at 5.

and I find the redemption valid despite the failure to file the notice of redemption.

## EFFECT OF REDEMPTION ON FmHA'S JUNIOR LIEN

Defendants argue that the foreclosure of the senior lien held by the Federal Land Bank extinguished the junior lien held by FmHA which Plaintiff is now attempting to foreclose. The South Dakota Supreme Court addressed the effect of redemption on junior liens in *Rist v. Andersen*, stating:

A redemption by the mortgager or his successor in interest terminates the effect of a sale and restores him, free of the encumbrance of the mortgage foreclosed, his property, and leaves the property subject to junior liens.

70 S.D. 579, 19 N.W.2d 833, 835 (1945).

The District Court for the Western District of South Dakota recently relied on *Rist* in interpreting S.D.C.L. § 21–52–24, which states, "Where there has been full and final redemption by the owner, effect of the sale is terminated, except in the case of redemption by cotenants." The District Court determined that in South Dakota, under *Rist*, the termination of the effect of a foreclosure sale by a redemption reactivates and advances junior liens. *Donovan v. U.S.*, 807 F.Supp. at 567. The District Court interpreted "owner" in § 21–52–24 to include "the owner, his successor in interest, or his grantee." *Id.* The instant situation involves redemption by a grantee through an assignment of redemption rights. In affirming *Donovan*, the Eighth Circuit applied *Rist's* interpretation of § 21–52–24 to the situation where a creditor was the redemptioner, stating, "We do not decide whether redemption by the owner would also revive other junior liens, liens which may well have been 'under water' at the time of the foreclosure sale." *Donovan v. FmHA*, 19 F.3d at 1271. That issue has already been addressed by the Legislature in § 21–52–24 and by the South Dakota Supreme Court in *Rist*.

Therefore, the redemption by Kevin Geraldson rendered the earlier foreclosure by the Federal Land Bank "null and void, restoring the estate to its preforeclosure status, such that the property remains subject to unsatisfied subordinate liens." James T. Payne, Annotation, *Mortgages: Effect on Subordinate Lien of Redemption by Owner or Assignee from Sale Under Prior Lien*, 56 A.L.R. 701, 714 (1987). To hold otherwise would leave junior lienholders unprotected: "These statutes were designed to protect the redemption rights of various parties, not to relieve the judgment-debtor from the payment of his just debts." *Donovan v. FmHA*, 19 F.3d at 1269.

For all these reasons, therefore,

IT IS ORDERED that Plaintiff's Motion for Summary Judgment, Docket No. 9, is granted because there is no genuine issue of material fact and pursuant to S.D.C.L. § 21–52–24. Plaintiff shall prepare and submit to the Court a judgment and supporting materials calculating the amounts of principal and interest due and owing, together with costs and disbursements, as of this date.

Dated this 10th day of April, 1995.